**In re John M. PULSIFER, Debtor.**

**Bankruptcy No. 91-21111.**

United States Bankruptcy Court,
D. Maine.

June 16, 1993.

U. Charles Remmel, II, Kelly, Remmel & Zimmerman, Portland, ME, for debtor.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

Currently before the Court is the Application for Compensation filed by U. Charles Remmel II, Esq. of the law firm of Kelly, Remmel & Zimmerman (hereinafter "Applicant"), attorney for the above-captioned Chapter 7 Debtor. Applicant requests an allowance of fees in the amount of $17,312.45 and reimbursement of expenses in the amount of $474.54, for total compensation sought of $17,786.99. The services rendered by Applicant on behalf of the Debtor, and the itemization thereof, have been divided between general services rendered and those rendered in defense of a non-dischargeability action brought against the Debtor. The amount sought for general services includes $9,409.85 in fees and $474.54 in expenses, for a total of $9,884.39. Compensation sought in connection with the non-dischargeability action includes $7,902.60 in fees and no expenses.[1]

The Debtor filed his Chapter 7 petition on November 1, 1991, along with all requisite statements and schedules. Included was Applicant's statement pursuant to F.R.Bky.P. 2016(b) which indicated that he had received $3,000.00 for his services, which funds came from Debtor's "earnings, wages and compensation for services rendered." Applicant currently seeks to apply this $3,000.00 pre-petition retainer evenly between the two itemized categories, i.e. $1,500.00 to each.

The Chapter 7 Trustee (hereinafter "Trustee") filed a detailed objection to the Application and, after notice and a hearing, this Court allowed the parties to file briefs, at which point the matter was taken under advisement.

## PRE-PETITION SERVICES

The first issue involves the compensability of Applicant's pre-petition services and disclosure issues related thereto. The Trustee indicates that many of the pre-petition services may not have been related to the bankruptcy itself, but were in furtherance of workout activities. In response to both the Trustee's and this Court's concerns, Applicant represented at the hearing and in writing that all itemized

---

1. As originally filed, the "general services" category included $1,540.00 in additional time; however, in satisfaction of an objection by the Chapter 7 trustee, Applicant has transferred this $1,540.00 worth of services from the "general services" category to the "non-dischargeability" category.

services relate strictly to the bankruptcy. Therefore, this objection will be overruled.

A related issue raised by the U.S. Trustee's office regarding disclosure of Applicant's pre-petition services can be similarly dismissed. The Debtor's schedules reflect previous payments to Applicant within a year prior to the filing, but indicate that no sum was due and owing as of the petition date. Given Applicant's request for compensation related to pre-petition services, the U.S. Trustee's office questions whether creditors may have been deceived as to Applicant's status as a pre-petition creditor and therefore lacked the opportunity to object to Applicant's retention. However, as previously noted, these services were rendered in connection with the bankruptcy and are thus compensable from the estate. No creditor has come forward to object to the application on this basis and, given that the U.S. Trustee does not object to the application per se, this Court will not address this issue.

## NON–DISCHARGEABILITY ACTION

In his most strenuous objection, the Trustee contends that Applicant should not be compensated from estate assets for services rendered on behalf of the Debtor in the non-dischargeability action. The Trustee insists that § 330(a) of the Bankruptcy Code clearly limits compensation to professionals for services rendered which were necessary, reasonable and of benefit to the estate; therefore, services which benefitted only the Debtor personally, such as the non-dischargeability action, may not be paid from estate assets. In support, he cites the recent case for this district, *In re Kingsbury*, 146 B.R. 581 (Bankr.D.Me. 1992), in which the Court held that the Bankruptcy Code generally prohibits such compensation. Applicant argues from a policy standpoint, noting that the Bankruptcy Code envisions a fresh start for an honest debtor, including the right to legal representation in successful non-dischargeability actions.

This Court is quite aware that, until *Kingsbury*, this District had been in the minority by allowing compensation to debtors' attorneys in such circumstances. This Court, however, intends to alter that position by adopting the reasoning and result reached in *Kingsbury*. Thus, Applicant may not be compensated for defending the non-dischargeability action from estate assets.

## RETAINER

The final objection is to Applicant's equal splitting of the retainer between both general services and non-dischargeability matters. The Trustee argues that the $3,000.00 retainer should be applied time-wise to the earliest services rendered, effectively crediting the full $3,000.00 toward the general services matters. Applicant argues that splitting the retainer equally between the two categories is a fair and reasonable allocation.

This Court intends to apply the full pre-petition retainer to the general services portion of the Application for a different reason than that urged by the Trustee. The retainer, which was paid out of Debtor's pre-petition earnings, constitutes property of the estate.[2] *In re Burnside Steel Foundary Co.*, 90 B.R. 942, 945 n. 1 (Bankr.N.D.Ill.1988); *In re Saturley*, 131 B.R. 509, 515 (Bankr.D.Me.1991). Section 329 allows this Court to examine the reasonableness of debtor's payments to their counsel, and authorizes their disgorgement if found to be excessive. Although this Court finds the retainer to be reasonable, it is comprised of estate funds and may only be allocated to those services rendered on the estate's behalf. In this case, the services rendered for the benefit of the estate exceed the retainer amount, leaving no excess to be disgorged. However, if there were any such excess, it would have to be returned to the estate for the benefit of its creditors.

## CONCLUSION

Accordingly, Applicant shall be awarded of $9,409.85 as compensation for services

---

**2.** The retainer at issue is presumably a "security retainer," in which a debtor retains an interest as of the filing. While this issue has not been addressed by the parties, Applicant has not contended that his retainer is of a type which vests in the recipient at the time of transfer.

rendered and $474.54 as reimbursement for expenses incurred by Applicant in representing the estate regarding general services. After crediting the $3,000.00 retainer, Applicant shall be paid a total of $6,884.39 from the estate.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

An appropriate order shall enter.