In re WEIBEL, INC., Debtor.

McCUTCHEN, DOYLE, BROWN
& ENERSEN, Appellant,

v.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS,
Appellee.

BAP No. NC–93–2403–MeRO.
Bankruptcy No. 93–4–3172T.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted July 20, 1994.

Decided Dec. 30, 1994.

Randy Michelson, San Francisco, CA, for appellant.

Douglas G. Boven, Oakland, CA, for appellee.

Before MEYERS, RUSSELL and OLLASON, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

The court denied the appellant's application to be employed as counsel for the debtor in possession on the basis that counsel was not disinterested. Later, the appellant filed a fee application requesting administrative claim status for the fees it charged in providing services to the debtor in possession. The court denied this application.

We **AFFIRM,** but base our ruling on grounds other than those set forth in the bankruptcy court's opinion found at *In re Weibel, Inc.,* 161 B.R. 479 (Bankr.N.D.Cal. 1993).

### II

### FACTS

Weibel, Inc. ("Weibel") was a client of long standing with the law firm of McCutchen, Doyle, Brown & Enersen ("McCutchen"). On May 5, 1993, Weibel filed for protection under Chapter 11 of the Bankruptcy Code ("Code"). Four days after the petition was filed, and pursuant to local practice in the Northern District of California, McCutchen submitted its Motion of Debtor to Employ McCutchen ("Motion") to the Office of the United States Trustee ("United States Trustee").

The United States Trustee objected to the Motion, arguing that McCutchen was not disinterested under Code Section 101(14)(D) because a partner of the firm had been on Weibel's board of directors until the month before the bankruptcy filing; furthermore, McCutchen currently represented or had represented several creditors of Weibel. The United States Trustee recommended that McCutchen give notice of the Motion to the twenty largest creditors and those requesting special notice.

On May 21, 1993, McCutchen obtained an order shortening time and brought its Motion on for hearing on June 3. Weibel's largest creditor, Pacific Coast Farm Credit Services ("Pacific"), filed an objection to the Motion. Pacific reiterated the United States Trustee's argument and also alleged that McCutchen had been Weibel's largest unsecured creditor, but had agreed to look to the principals of Weibel for payment of outstanding bills. Furthermore, Pacific asserted that McCutchen continued to represent the individual principals in other matters, it had received approximately $32,000 in payments prepetition which appeared to be preferential payments and it had converted Pacific's cash collateral when it took a retainer from Weibel of $100,000. Based on these allegations, Pacific argued that McCutchen had an actual

conflict of interest and could not represent the estate. The Official Committee of Unsecured Creditors ("Committee") apparently supported the Motion.

The bankruptcy court denied the Motion. Within a month substitute counsel was brought into the case with court approval. On August 18, 1993, McCutchen filed its Application for Compensation and Reimbursement of Expenses ("Fee Application") requesting $127,699 in fees and $9,877.74 in costs. Both Pacific and the Committee opposed the Fee Application.

At the hearing on September 22, 1993, the bankruptcy court stated that, since McCutchen had never been employed under Section 327, the court did not have the discretion to award fees. The court entered the order denying the Fee Application on November 30, 1993 ("Order"). The Order reiterated the court's ruling that, as a matter of law, it did not have discretion to award any compensation. The court then entered an Amended Memorandum of Decision on December 1, 1993. In it, the court ruled it did have discretion to award fees. However, the court found McCutchen had unreasonably delayed in bringing the Motion on for hearing and that McCutchen clearly was not disinterested because of the partner's position as director of Weibel. Therefore, according to the court, an award of fees was inappropriate in this case.

## III

## STANDARD OF REVIEW

The Panel reviews an award of fees under an abuse of discretion standard. *In re Shirley*, 134 B.R. 940, 942–43 (9th Cir. BAP 1992). The proper construction of Sections 327, 330 and 503 is reviewed *de novo*. *In re Orvco, Inc.*, 95 B.R. 724, 726 (9th Cir. BAP 1989). Whether *quantum meruit* can be a basis for compensation is a question of law which is also reviewed *de novo*.

1. Section 503, in pertinent part, provides:
 (b) After notice and a hearing, there shall be allowed administrative expenses ..., including—
 (1)(A) the actual, necessary costs and expenses of preserving the estate, including

## IV

## DISCUSSION

On appeal, McCutchen essentially makes three arguments: (1) Section 330 specifically provides for compensation to the debtor's attorney apart from professionals employed under Section 327; (2) Section 503(b)(1)(A) [1] allows for compensation; and (3) its claim should be allowed based on *quantum meruit*. The bankruptcy court applied a combination of *quantum meruit* and Section 503(b)(1). However, we rule that neither that theory, nor any part of the Code, provides a basis for allowing fees under these facts.

### A. *Quantum Meruit and In re Shirley*

The Panel first addresses McCutchen's argument that it should be compensated under the theory of *quantum meruit*. The bankruptcy court, citing *Matter of Grabill Corp.*, 983 F.2d 773 (7th Cir.1993), found it had the authority to award compensation under that theory.

The BAP has previously stated that:

[c]ourt approval of the employment of counsel for a debtor in possession is *sine qua non* to counsel getting paid. Failure to receive court approval for the employment of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees.

*In re Shirley, supra*, 134 B.R. at 943–44 (footnote omitted). In *Shirley*, counsel's fee application was denied because he had failed to apply for approval of employment. He then sought relief from the automatic stay in order to pursue a claim for the fees in state court. This claim was based, in part, on the theory of *quantum meruit*. The BAP ruled that "the Bankruptcy Code and Federal Rules of Bankruptcy Procedure operate to preclude fee awards for services performed on behalf of a bankruptcy estate based upon state law theories not provided for by the Code." 134 B.R. at 944.

wages, salaries, or commissions for services rendered after the commencement of the case;
...
(2) compensation and reimbursement awarded under section 330(a) of this title.

The bankruptcy court below stated that *Shirley* was inapplicable because counsel had never tried to be employed in that case, whereas here, McCutchen had sought such approval. We do not agree that this factual distinction results in a different legal conclusion. Compensation to professionals acting on behalf of the estate must be based on provisions of the Code. The Code does not provide for fee awards based on state law theories such as *quantum meruit*. *See also In re Occidental Financial Group, Inc.*, 40 F.3d 1059 (9th Cir.1994).

### B. Sections 330 and 503(b)(2)

Courts generally rely on Section 503(b)(2) as a basis for granting administrative status to compensation to professionals such as McCutchen. That Section grants administrative status to claims for "compensation and reimbursement awarded under section 330(a) of this title." If Section 330 allows for compensation to McCutchen, then it may have an administrative claim under Section 503(b)(2).

Section 330(a) states that "the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the *debtor's attorney*" reasonable compensation for actual and necessary services. (emphasis added). Without question, McCutchen does not qualify as a professional person employed under Section 327. Instead, McCutchen argues that the underscored language above allows it to receive compensation because it was the debtor's attorney.[2]

Section 330 places attorneys into two categories—those employed pursuant to Section 327, and those who serve as the debtor's attorney. Section 327 states that the trustee, with court approval, may employ one or more attorneys or other professional persons. The professional can be employed only if it does not hold an interest adverse to the estate and it is disinterested. The professional is employed to act on behalf of the bankruptcy estate, not the debtor or any creditor.

When the debtor is a debtor in possession, it essentially steps into the shoes of the trustee and has control over the bankruptcy estate. *See* Section 1107. The professional, employed now by the debtor in possession, is still expected to act only in the best interests of the estate. Therefore, court approval of its employment is necessary. If the debtor is not in possession, these same concerns do not come into play. Counsel for the debtor then, to the extent it gets involved in the case, represents the debtor and not the estate or the creditors. Therefore, court approval of employment is not necessary.

The reference to the debtor's attorney found in Section 330 simply acknowledges that there will be instances where the debtor is not a debtor in possession, but the debtor's counsel still confers a benefit upon the estate for which it should be compensated.[3] *See, e.g., In re Xebec*, 147 B.R. 518 (9th Cir. BAP 1992) (debtor's counsel allowed some compensation from the estate although a trustee was in place). When the debtor is a debtor in possession, Section 330 will allow compensation to the attorney for the debtor only if court approval is first obtained pursuant to Section 327. *See Shirley, supra*, 134 B.R. at 943. The compensation allowed under Section 330 to "the debtor's attorney" must be limited to those instances in which the debtor is not a debtor in possession, and the attorney meets the other requirements of the Section. Weibel was a debtor in possession; therefore, McCutchen needed to obtain court approval of its employment before it could

---

**2.** This argument does not appear to have been specifically raised below. However, since it involves purely an issue of law and is fully supported by the record, we exercise our discretion to consider it. *See In re Hall, Bayoutree Associates, Ltd.*, 939 F.2d 802, 804 (9th Cir.1991).

**3.** The law under the Bankruptcy Act was essentially the same. An attorney for a debtor in possession was treated as acting as the functional equivalent of the attorney for the trustee or re-

ceiver and the appointment had to be approved by the court. *See In re Designaire Modular Home Corporation*, 517 F.2d 1015, 1019 (3rd Cir.1975). However, if the attorney was acting on behalf of a debtor not in possession, court approval of employment was not necessary. Counsel could still be compensated by the estate if it performed services useful to the estate which did not duplicate the efforts of the trustee or receiver, or professional employed by them. *Id.*

receive compensation pursuant to Section 503(b)(2). Since it did not receive such approval, it cannot be compensated under this Section.

### C. Section 503(b)(1)

 If compensation cannot be awarded under Section 503(b)(2), then the question is whether it can be awarded under Section 503(b)(1). McCutchen argues that it can. However, such an interpretation of Section 503 renders Section 503(b)(2), as well as Section 327, "nugatory." *See F/S Airlease II, Inc. v. Simon,* 844 F.2d 99, 109 (3rd Cir. 1988). Indeed, the language behind both Sections is remarkably similar. Section 503(b)(2) essentially incorporates the language of Section 330, that reasonable compensation can be allowed for "actual, necessary services rendered by" the attorney based on the nature, extent and value of such services. Section 503(b)(1) provides for payment, as administrative claims, of "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case."

For an attorney, the test for receiving compensation would appear nearly identical under both Sections. It is reasonable then, to construe Section 503(b)(2), with its specific reference to compensation to professionals under Section 330, as the only part of Section 503(b) under which such professionals can receive compensation.

### D. Guidance from Nunc Pro Tunc Cases

 Finally, we take further guidance from those cases in which a professional has applied for "nunc pro tunc" or retroactive employment. Typically, in such cases the professional neglects to obtain court approval of employment prior to rendering services to the estate. At some later point, often in connection with a fee application, the professional finally moves for court approval of its employment. The decisions in this Circuit make it clear that such court approval of employment should be limited to exceptional circumstances. *In re THC Financial Corp.,* 837 F.2d 389, 392 (9th Cir.1988). The elements set forth in *In re Twinton Properties*

*Partnership,* 27 B.R. 817, 819–20 (M.Tenn. 1983), have been cited with approval by the Ninth Circuit and the Panel. *See THC Financial, supra,* 837 F.2d at 392; *In re Crook,* 79 B.R. 475, 478 (9th Cir. BAP 1987); *In re Kroeger Properties and Development, Inc.,* 57 B.R. 821, 823 (9th Cir.1986). Under these factors, the professional must demonstrate that it was qualified to act on behalf of the estate pursuant to Section 327. In other words, the professional must show that it was disinterested. If the professional is not disinterested, then fees are not to be awarded. These criteria demonstrate a clear policy in this Circuit. A professional, purporting to represent the bankruptcy estate, generally must show that it is disinterested before any compensation is to be paid the professional from assets of the estate. Here, as the court found, McCutchen was not qualified to represent the estate. Therefore, compensation cannot come from the estate.

### V

### CONCLUSION

When a debtor is a debtor in possession, professionals it desires to employ must be disinterested pursuant to Section 101(14). If the bankruptcy court finds the professional is not disinterested, the professional cannot receive compensation from the estate. The bankruptcy court did not allow McCutchen to be employed as counsel for the debtor in possession because McCutchen was not disinterested. The bankruptcy court's ruling, that McCutchen could not be compensated from the bankruptcy estate, is **AFFIRMED.**