**In re Mark Howard FRIEDLAND,**
SS # 263–41–5030, Debtor.

**Bankruptcy No. 95–10255–SBB.**

United States Bankruptcy Court,
D. Colorado.

May 25, 1995.

Duncan Barber, Holme Roberts & Owen, Denver, CO, for debtor.

Janice Steinle, Chapter 7 Trustee, Littleton, CO.

Leo Weiss, Office of U.S. Trustee, Denver, CO.

## ORDER REGARDING DEBTOR'S COUNSEL'S FEES IN CHAPTER 7 BANKRUPTCY CASE

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court upon consideration of (a) the "U.S. Trustee's Motion for an Accounting Pursuant to 11 U.S.C. § 329(b)" filed February 9, 1995,[1] (b) the "Statement of Debtor's Counsel in Response" filed March 3, 1995, (c) the "Amended Attorney Fee Disclosure Statement" filed by counsel for the Chapter 7 Debtor herein on March 3, 1995, and (d) the "United States Trustee's Brief in Regard to the Hearing on His Motion for an Accounting Pursuant to 11 U.S.C. § 329(b) and Debtor's Counsel's Reply Thereto" filed April 24, 1995.

---

1. At the hearing on this issue, counsel for the United States Trustee orally withdrew the Motion for an accounting based upon the Amended Attorney Fee Disclosure Statement.

The issue presented to this Court is, simply stated, whether the Chapter 7 Debtor's counsel can utilize, or otherwise be paid from a pre-petition retainer for services rendered on behalf of the Debtor post-petition. This Court concludes that, under the 1994 Amendments to the Bankruptcy Code, the answer is "no". As an asset of the bankruptcy Estate, absent compelling circumstances, such a retainer must be turned over to the Trustee to be administered.

The Court, having reviewed the file, held a hearing, and otherwise being advised in the premises,

DOES FIND as follows:

1. The Debtor filed a Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code on January 11, 1995.

2. On February 3, 1995, counsel for the Debtor filed his Attorney Fee Disclosure Statement (the "Statement"). The Statement provided, in part, as follows:

> 1. The total fee to be charged in this matter (not including filing fees) is is [sic] my regular hourly rate of $175 per hour times the actual hours worked, plus reimbursement for costs.
>
> 2. The source of the compensation so paid or promised is Debtor's future income plus a $5,000 retainer paid prior to the filing herein.

3. Counsel for the Debtor filed an Amended Attorney Fee Disclosure Statement on March 3, 1995 (the "Amended Statement") which provided more detail regarding the anticipated representation and itemized both the fees and expenses incurred in pre-bankruptcy consultation, preparation and filing, as well as the fees and expenses incurred since the filing of the Petition. According to the Amended Statement, the "total time billed during this period has been 86.5 hours, with a value of $14,320. Reimbursable expenses total $1,887.58." ¶ 5. The Amended Statement continues, "[t]he source of the compensation so paid or promised is a retainer in the amount of $5,000 and the debtor's future income." ¶ 6.

4. As stated by the United States Trustee, the

primary concern within [sic] respect to the matter at bar is that [Debtor's counsel] appears to imply that a pre-petition fee agreement and retainer can enable counsel to continue to render post-petition services to the Debtor and be paid out of the pre-petition retainer. The United States Trustee asserts that to the extent that the pre-petition retainer secured [counsels] **pre-petition** services that retainer can be drawn down for that purpose. However, the United States Trustee further asserts that to the extent that the retainer was not 'earned' pre-petition it cannot be drawn down post-petition and cannot provide a source of funds for post-petition services. Brief, p. 1 (emphasis in original).

5. The United States Trustee maintains that, following the 1994 amendments to the Bankruptcy Code, Chapter 7 debtors' counsel are no longer allowed to be compensated for post-petition services from a debtor's estate regardless of the nature of the services themselves. *Compare, e.g., In re Pulsifer*, 156 B.R. 1, 2 (Bankr.D.Me.1993) (payment of post-petition fees from a pre-petition retainer allowed for "services rendered on the estate's benefit"); *In re Office Products of America, Inc.*, 136 B.R. 964, 972 (Bankr.W.D.Tex.1992) ("The chapter 7 estate is not obligated to compensate debtor's counsel for any other services, unless counsel shows that the services were indeed actual, necessary services which benefitted the estate."); *Matter of Olen*, 15 B.R. 750, 752 (Bankr.E.D.Mich.1981) (allowing fee for "representing the debtor at the Section 341 meeting of creditors"). Accordingly,

> [t]he United States Trustee is concerned that [Debtor's counsel] may be inappropriately relying upon its pre-petition retainer as security for post-petition services. The United States Trustee assets that it is in the best interests of parties in interest in this case that these retainer related issues be dealt with early on in this case to avoid any prejudice which might be caused by such reliance.

Brief, p. 3.

6. Prior to the Bankruptcy Reform Act of 1994, Section 330(a) provided for awards of reasonable compensation to "to a trustee, to

an examiner, to a professional person employed under section 327 or 1103 of this title, or to **the debtor's attorney**." 11 U.S.C. § 330(a) (1978) (emphasis added).

7. As applicable to the within case,[2] however, Section 330(a) now omits reference to "the debtor's attorney"[3] and, instead, contains the following new provision:

> **In a chapter 12 or chapter 13 case** in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.
>
> 11 U.S.C. § 330(a)(4)(B) (1994) (emphasis added).

Counsel for Chapter 7 debtors, however, appear to be excluded from the new provision for fees contained in Section 330(a)(4)(B).

■ 8. Courts are admonished to apply the following principle of statutory construction:

> [i]f the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.' [citations omitted] Of course, there is no errorless test for identifying or recognizing 'plain' or 'unambiguous' language. Also, authoritative administrative constructions should be given the deference to which they are entitled, absurd results are to be avoided and internal inconsistencies in the

statute must be dealt with. [citations omitted] We nevertheless begin with the language of the statute.

*United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981).

This principle has very recently been restated by the United States Supreme Court as follows:

> Although the historical evolution of a statute—based on decisions by the entire Congress—should not be discounted for the reasons that may undermine confidence in the significance of excerpts from congressional debates and committee reports, a historical analysis normally provides less guidance to a statute's meaning than its final text. In the ordinary case, absent any 'indication that doing so would frustrate Congress's clear intention or yield patent absurdity, our obligation is to apply the statute as Congress wrote it.'

*Hubbard v. United States,* —— U.S. ——, ——, 115 S.Ct. 1754, 1759, 131 L.Ed.2d 779 (1995) (footnote omitted) (quoting *BFP v. Resolution Trust Corp.,* —— U.S. ——, ——, 114 S.Ct. 1757, 1778, 128 L.Ed.2d 556 *reh'g den'd,* —— U.S. ——, 114 S.Ct. 2771, 129 L.Ed.2d 884 (1994) (Souter, J., dissenting)).

*See, also, In re Storage Technology Corp.,* 48 B.R. 862, 865 (Bankr.D.Colo.1985).

9. There is no legislative history to guide interpretation of these particular amendments to Section 330.[4] *See especially,* 140

---

2. The amendments referred to herein apply to cases commenced on or after October 22, 1994. Section 702(b)(1), Bankruptcy Reform Act of 1994, 140 Cong.Rec. H10752–01, 140 Cong.Rec. S14461–01 (1994). As previously noted, the instant case was commenced January 11, 1995.

3. The Court notes rather parenthetically, however, that Congress failed to excise the term "attorney", as opposed to "debtor's attorney" from Section 330(a).

> [ (a)(1) ](A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, **or attorney** and by any paraprofessional person employed by any such person.
>
> 11 U.S.C. § 330(a)(1)(A) (1994) (emphasis added).

4. It must be noted, however, that Section 330 as enacted varies substantially, with respect to the subsections at issue, from the version propounded by the Senate as S. 540. S. 540 provided, in part, as follows:

> [330](a)(1) After notice to the parties in interest and the United States Trustee·and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103, **or the debtor's attorney,** after considering comments and objections submitted by the United States Trustee in conformance with guidelines adopted by the Executive Office for United States Trustees pursuant to section 586(a)(3)(A) of title 28—
>
> \*   \*   \*   \*   \*   \*
>
> [330](a)(3) ](B) **In a case in which the debtor is an individual,** the court shall allow reasonable

Cong.Rec. H10752–01 (daily ed. Oct. 4, 1994) (statement of Rep. Brooks) (limited discussion of other aspects of § 224 of H.R. 5116 at H10769). *See, also,* 140 Cong.Rec. E2204–01 (daily ed. Oct. 8, 1994) (statement of Rep. Brooks); 140 Cong.Rec. S14597–02 (daily ed. Oct. 7, 1994) (statement of Sen. Metzenbaum); 140 Cong.Rec. S14461–01 (daily ed. Oct. 6, 1994) (statements of Sens. Grassley, Heflin, Simpson, Johnston, Brown, and Hatch).

10. There is, therefore, no clearly expressed legislative intent contrary to the plain meaning of the statutory language. *United States v. Turkette, supra.*

■ 11. This Court concludes that the plain meaning of the statutory language allows for awards of reasonable compensation from the estate, or estate assets, to counsel for debtors in Chapters 12 and 13, but does not provide for allowance of compensation to counsel for debtors in Chapter 7.

12. Allowing compensation for post-petition services rendered on behalf of Chapter 7 debtors would create very problematic precedent. Allowing payment of compensation to counsel for a Chapter 7 debtor out of estate assets is, routinely and fundamentally, neither necessary nor beneficial to the actual administration of a bankruptcy estate. 11 U.S.C. § 330(a)(3)(A)(C) (sic). Allowing Chapter 7 debtors' counsel to customarily recover fees from Chapter 7 estates would routinely deplete the estates of assets at a time when there are few enough already.

13. There are important and fundamental differences between counsel and debtors in Chapter 7 cases compared to Chapter 12 and Chapter 13 cases. Unlike other chapters of the Bankruptcy Code, the assets and interests of a Chapter 7 debtor and a Chapter 7 estate are not, essentially, the same. Further, the duties of a Chapter 7 debtor are limited to those set forth in Sections 343 and 521, while debtors filing under other chapters must pursue confirmation of a plan of reorganization. *See,* 11 U.S.C. §§ 941, 1121, 1221 and 1321.

compensation for services by the debtor's attorney representing the interests of the debtor without regard to the benefit of such services to the estate.

■ 14. The conclusion made by this Court is quite logical in that under both Chapter 12 and Chapter 13 there is express provision for payment for post-petition services created by the new Section 330(a)(4)(B) and the post-petition earnings of a debtor belong to and are property of the bankruptcy estate. 11 U.S.C. §§ 1207(a) and 1306(a). *Compare,* 11 U.S.C. § 541(a)(6). Conversely, post-petition attorney's fees can, at least in theory, be paid out of a debtor's post-petition earnings in Chapter 7, which do not belong to and are not assets of the Chapter 7 bankruptcy estate. *In re Stromberg,* 161 B.R. 510, 515 (Bankr.D.Colo.1993).

15. Although the possibility of differing results between the Bankruptcy Code as it existed prior and subsequent to the 1994 Amendments has been recognized by several courts, no reported decision appears to have addressed this particular question. *See, Zolfo, Cooper & Co. v. Sunbeam–Oster Co., Inc.,* 50 F.3d 253 (3rd Cir.1995) (finding that the 1994 Amendments to § 330 do not apply to the case at issue); *In re Zwern,* 181 B.R. 80 (Bankr.D.Colo.1995) (same); *Matter of River Landings, Inc.,* 180 B.R. 701 (Bankr.S.D.Ga. 1995) (same); *Matter of Iberica Manufacturing, Inc.,* 180 B.R. 707 (Bankr.D.P.R.1995) (same); *In re Poseidon Pools of America, Inc.,* 180 B.R. 718 (Bankr.E.D.N.Y.1995) (same); *In re McHaley,* 1995 WL 224578 (Bankr.D.Idaho 1995) (not reported in B.R.) (same); *In re Lochmiller Industries, Inc.,* 178 B.R. 241 (Bankr.S.D.Cal.1995) (same).

16. Similarly, at least one commentator has recognized the possible effect of the deletion and addition of language discussed herein. *See,* Lawrence P. King, *Understanding the 1994 Amendments to the Bankruptcy Code: Commercial Bankruptcy Issues,* 710 PLI/Comm 247 (Jan. 1995) (positing that the deletion of the phrase "debtor's attorney" may have been inadvertent and briefly speculating about the resulting treatment of counsel for Chapter 7 and Chapter 11 debt-

S.Rep. No. 168, 103rd Cong., 1st Sess. (Oct. 28, 1993) (emphasis added).

**580**

ors under the new provision, 11 U.S.C. § 330(a)(4)(B)).

17. As this Court has also previously observed,

> practicing attorneys representing [Chapter 7] debtors ... must devise ways to obtain payment prior to the filing of the petition ... or make suitable alternative arrangements for financing post-petition services. While Chapters 11, 12, and 13 allow for estate payment of certain qualified professional fees, it is incumbent for Chapter 7 debtor's counsel to not rely on estate assets to pay ... post-petition attorney's fees.
>
> *In re Kahler,* 84 B.R. 721, 724 (Bankr. D.Colo.1988).

This view appears to have been generally adopted in the 1994 Amendments.

18. Despite the dearth of outside guidance on the issue, this Court determines that the language of Section 330(a) is not ambiguous and, therefore, should be interpreted literally. As such, this Court must conclude that Congress **intentionally** deleted the provision under Section 330(a)[ (1) ], in general, allowing for compensation to a "debtor's attorney" to be paid out of a debtor's estate. Further, this Court must conclude that Congress **intentionally** inserted specific reference to Chapters 12 and 13 and **intentionally** omitted any reference to Chapter 7 cases in the newly-constructed Section 330(a)(4)(B).

 19. Lacking a provision in the Bankruptcy Code which would allow such compensation, this Court is without authority to award fees or allow reimbursement of expenses to counsel for Chapter 7 debtors out of estate assets in cases governed by the Bankruptcy Code as amended by the Bankruptcy Reform Act of 1994.

Accordingly, it is

■ ORDERED that whatever balance remains of the $5,000 retainer currently held by counsel for the Debtor herein, after payment of pre-petition fees and expenses, is property of the Estate and is not subject to a valid lien or other equitable claim in favor of counsel for the Debtor. And it is

FURTHER ORDERED that, on or before **June 16, 1995,** counsel for the Debtor shall file with the Court and serve upon the Chapter 7 Trustee and the United States Trustee a written accounting of the retainer, the balance of which constitutes property of the Estate. And it is

FURTHER ORDERED that the Chapter 7 Trustee shall undertake appropriate steps to recover those funds which constitute property of the Estate.