**In re Neil Joseph FASSINGER, Debtor.**

**Bankruptcy No. 395–31375–psh7.**

United States Bankruptcy Court,
D. Oregon.

Jan. 17, 1996.

Bradley O. Baker, Portland, OR, for debtor.

Pamela J. Griffith, Assistant U.S. Trustee, Portland, OR, for U.S. Trustee.

## MEMORANDUM OPINION

POLLY S. HIGDON, Bankruptcy Judge.

This matter came before the court on the United States Trustee's objection to fees generated by the debtor's attorney. The U.S. Trustee takes the position that the Bankruptcy Code as amended by the Bankruptcy Reform Act of 1994 does not authorize the payment of these fees in a Chapter 7 case.

■ The court may only award fees to the debtor's attorney to the extent it is authorized to do so by some provision of the Code. *In re Weibel,* 176 B.R. 209 (9th Cir. BAP 1994). Prior to the adoption of the 1994 Reform Act that authority was clearly included in §§ 503(b)(2) and 330(a). Section 503(b)(2) states, in relevant part:

"(b) After notice and hearing, there shall be allowed administrative expenses ..., including—

\*    \*    \*    \*    \*    \*

(2) compensation and reimbursement awarded under section 330(a) of this title.

Section 330(a)(1) stated:

"(a) After notice to any parties in interest and to the United States trustee and a hearing, ... the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title;" professionals, including the debtor's attorney.

■ The 1994 Bankruptcy Reform Act amended § 330(a)(1), eliminating any reference to the debtor's attorney. Section 330 was further amended by the adoption of § 330(a)(4)(B) which authorizes the court to award reasonable compensation to the debtor's attorney *"[i]n a chapter 12 or 13 case* in which the debtor is an individual." (emphasis added) Those courts which have considered the matter have concluded that section 330(a) does not provide the basis for an award of attorney fees from estate funds to the debtor's attorney in a Chapter 7 case. *In re Friedland,* 182 B.R. 576 (Bankr.D.Colo. 1995); *In re Kinnemore,* 181 B.R. 520 (Bankr.D.Id.1995) This court agrees with the holdings in those cases.

■ The debtor's attorney contends that section 503(b)(1)(A) provides an independent basis for awarding him fees from the estate. This section states:

"After notice and hearing there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case:"

The Bankruptcy Appellate Panel has rejected this argument. *In re Weibel, Inc.,* 176 B.R. 209 (9th Cir. BAP 1994) It reasoned that since § 503(b)(2) incorporated § 330(a), which specifically provided for an award of attorney fees from estate funds, allowing an award of attorney fees under § 503(b)(1) would render § 503(b)(2) "nugatory" *Id.* at 213. The panel concluded that because "the test for receiving compensation [is] nearly identical under both sections, it [is] reasonable .. to construe Section 503(b)(2), with its specific reference to compensation to [attorneys] under § 330, as the only part of Section 503(b) under which [attorneys] can receive compensation." *Id.* at 213.

This court agrees with this holding. The trustee objections is sustained. This memorandum opinion contains the court's findings of fact and conclusions of law and pursuant to Fed.R.Bankr.P. 7052, and they will not be separately stated.