**In re CENTURY CLEANING SERVICES, INC., Debtor.**

**Bankruptcy No. 395–36126–elp7.**

United States Bankruptcy Court, D. Oregon.

Nov. 1, 1996.

150

Charles C. Robinson, Seattle, WA, for Century Cleaning Services, Inc.

M. Vivienne Popperl, Portland, OR, for U.S. Trustee.

## MEMORANDUM OPINION

ELIZABETH L. PERRIS, Bankruptcy Judge.

The issue in this case is whether a lawyer for a Chapter 7 debtor may be paid for postpetition legal services from a retainer that the lawyer obtained from the debtor before the bankruptcy petition was filed, in light of the 1994 amendment to 11 U.S.C. § 330, which deleted debtor's counsel from the list of entities that may be awarded compensation. For the reasons discussed below, the court determines that the lawyer may be paid from the retainer.

## FACTS

After a short period in Chapter 11, the court converted this case to Chapter 7. The law firm of Garvey, Schubert & Barer ("the firm") has represented debtor and debtor in possession throughout this case. Prior to the commencement of the case, debtor paid the firm a retainer of $28,301.84 for postpetition services and expenses. The firm continues to hold the retainer in its trust account for that purpose. Prepetition fees and expenses were paid before debtor filed its Chapter 11 petition. Only postpetition Chapter 7 fees and expenses are at issue in this case. Before the court is the firm's first application for Chapter 7 attorney fees and expenses, in which it seeks payment of the fees from the retainer.

## ISSUE

Does the 1994 amendment to 11 U.S.C. § 330, which deleted Chapter 7 debtors' counsel from the list of entities authorized to receive an award of compensation from the estate, preclude an attorney for a Chapter 7 debtor from being paid for postpetition services and expenses from a prepetition retainer?

## DISCUSSION

1. *Can a Chapter 7 debtor's attorney be awarded compensation under 11 U.S.C. § 330?*

█ Bankruptcy Code section 330 authorizes an award of compensation from property of the estate for an attorney's services and reimbursement for expenses. Subsection (a) provides, as relevant:

(a)(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

Section 330 does not authorize an award of a Chapter 7 debtor's postpetition attorney fees from property of the estate. *In re Fassinger*, 191 B.R. 864 (Bankr.D.Or.1996). Because a prepetition retainer is an asset of the Chapter 7 estate, *see In re Friedland*, 182 B.R. 576 (Bankr.D.Colo.1995), the UST argues that a Chapter 7 debtor's attorney cannot be paid from that retainer.

The firm argues first that the holding in *Fassinger* is inconsistent with the legislative intent and that I should reconsider whether section 330 applies to Chapter 7 debtors' postpetition attorney fees.

In *Fassinger*, the court considered the 1994 amendments to section 330, which deleted the Chapter 7 debtor's attorney from the list of professionals authorized to receive compensation from the estate. The court noted that it "may only award fees to the debtor's attorney to the extent it is authorized to do so by some provision of the

[Bankruptcy] Code." 191 B.R. at 865. The court concluded that Congress's deletion of the Chapter 7 debtor's attorney from the list of professionals entitled to awards of compensation in section 330(a), along with the specific authorization in section 330(a)(4)(B) for awarding reasonable compensation to the debtor's attorney in a Chapter 12 or Chapter 13 case, unambiguously indicated that section 330 does not authorize an award of attorney fees to a Chapter 7 debtor's attorney from estate funds. *Id.*

I agree with the holding in *Fassinger* and will not revisit it. Section 330 specifically authorizes an award of compensation to specific professionals. Chapter 7 debtors' counsel are not included in the list. However, *Fassinger* did not address the issue that has arisen in this case, which is whether a Chapter 7 debtor's attorney may be paid from a retainer obtained prepetition for postpetition services.

2. *Does the omission of Chapter 7 debtor's counsel from section 330 preclude counsel from being compensated from a prepetition retainer?*

█ The firm next argues that it has an attorney's lien pursuant to ORS 87.430[1] in the retainer, and notes that *Fassinger* did not address the question of whether fees secured by a prepetition retainer could be used to satisfy an attorney's claim for postpetition services and expenses. Because security interests, including attorneys' liens, survive bankruptcy, the firm argues that it is entitled to compensation from the funds it holds for the payment of its fees, subject only to approval of those fees and expenses as "reasonable." 11 U.S.C. § 329.

The firm is correct that *Fassinger* did not address the retainer issue. The only reported decision that has addressed the issue is *Friedland*. In that case, the Chapter 7 debtor had paid a prepetition retainer. The UST objected to the debtor's attorney's Attorney

---

1. ORS 87.430 provides:
"An attorney has a lien for compensation whether specially agreed upon or implied, upon all papers, personal property and money of the client in the possession of the attorney for services rendered to the client. The attorney may retain the papers, personal property and money until the lien created by this section, and the claim based thereon, is satisfied, and the attorney may apply the money retained to the satisfaction of the lien and claim."

Fee Disclosure Statement, which indicated that one source of payment for debtor's post-petition attorney's fees was to be a prepetition retainer. The UST argued that the debtor's counsel could not appropriately rely on its prepetition retainer as security for postpetition services. 182 BR at 577.

The court reviewed the 1994 amendment to section 330 and concluded that the plain language of the statute

"allows for awards of reasonable compensation from the estate, or estate assets, to counsel for debtors in Chapters 12 and 13, but does not provide for allowance of compensation to counsel for debtors in Chapter 7."

182 B.R. at 579. It held that the retainer held by debtor's counsel was not subject to any valid lien and could not be used to pay postpetition fees and expenses.

The UST understandably relies on *Friedland* for its argument that the retainer in this case likewise cannot be used to pay debtor's Chapter 7 postpetition fees and expenses. I do not find *Friedland* persuasive, however. In this case, the firm claims an attorney's possessory lien in the retainer, pursuant to ORS 87.430. Although the court in *Friedland* held that the retainer.was property of the estate and not subject to a valid lien, it is not clear why the court concluded that there was no valid lien. Further, the court did not discuss the possible significance of a valid lien on a debtor's attorney's entitlement to fees and expenses.

The UST also cites *In re Boh! Ristorante, Inc.*, 99 B.R. 971 (9th Cir. BAP 1989) for the proposition that section 329 cannot be used to circumvent the requirements of section 330(a). I do not read that opinion to stand for the proposition the UST asserts. Reading the opinion as a whole, it holds that, if a debtor's attorney fees are paid by a third party, that party may recover under section 329 the amount paid to the extent the fees are not reasonable. Read in context, it is

apparent that the panel's reference to section 330 relates to reasonableness of the fees.

■ The validity of an attorney's lien in bankruptcy is determined by state law. *In re Life Imaging Corp.*, 31 B.R. 101, 102 (Bankr.D.Colo.1983). Neither the UST nor the Chapter 7 trustee disputes that ORS 87.430 provides for a possessory lien that applies to retainers.[2] The UST argues, however, that there can be no lien for postpetition services until the postpetition services are provided.

■ Oregon law recognizes two types of attorney's liens for services, a retaining lien and a charging lien. *Crawford v. Crane*, 204 Or. 60, 282 P.2d 348, 349 (1955). A retaining lien attaches to papers, money and other personal property of a client that comes into the attorney's hands in the course of employment, and gives the attorney the right to retain that property until the attorney's fees are paid. *Id.*[3] A charging lien, on the other hand, is the right of the attorney to be paid from the judgment or other recovery in an action in which the attorney's services are rendered. *Id.* The two types of attorney's liens are codified at ORS 87.430 and ORS 87.445, respectively.

■ In order for a charging lien to be effective, or perfected, an attorney claiming such a lien must file a notice of claim of lien within a certain time. ORS 87.455. The retaining lien statute, ORS 87.430, does not contain any similar requirement; it requires only that the attorney be in possession of the property. There are no Oregon cases that address when an attorney's retaining lien becomes effective. In *In re Reinhardt*, 81 B.R. 565 (Bankr.D.N.D.1987), the court considered an attorney lien statute similar to Oregon's and concluded that, because no notice was required to perfect a retaining lien, it was effective by virtue of active possession of the property. 81 B.R. at 567. I conclude that, similarly, under the Oregon statute a retaining lien is effective upon the attorney's possession of the client's money or other

---

**2.** The Chapter 7 trustee agrees with debtor that ORS 87.430 gives the firm an enforceable attorney's lien for postpetition services.

**3.** Section 542(e) limits the effectiveness in bankruptcy of a retaining lien on papers. It is notable that the limitation does not extend to money subject to a retaining lien.

 

property. Because a lien can secure an obligation consisting of a contract for performance of an obligation in the future, 51 Am. Jur.2d *Liens* § 15 (1970), it is not necessary that the services have been actually performed before the lien becomes effective.[4]

■ It is well settled that an attorney's retaining lien survives bankruptcy, *Matter of Innkeepers of New Castle, Inc.,* 671 F.2d 221, 230 (7th Cir.), *cert. denied,* 459 U.S. 908, 103 S.Ct. 212, 74 L.Ed.2d 169 (1982); *Browy v. Gay,* 527 F.2d 799, 801 (7th Cir.1976), unless the trustee avoids the lien under one of the trustee's avoiding powers. The trustee does not seek to avoid the lien.[5]

■ As the firm recognizes, under section 329 debtor's counsel cannot be paid excessive fees, and a retainer that exceeds the reasonable value of the services must be returned to the estate.[6]

Although the firm has filed an application for interim compensation, this court will treat the application as a request for a declaration that the fees are reasonable and not recoverable under section 329, and a request that the firm is authorized to apply the retainer to satisfy the fees to the extent they are reasonable. Because the firm has a valid, unavoided lien on the retainer for the amount of its postpetition services and expenses, it is entitled to look to that collateral to satisfy its lien for reasonable fees and expenses.

## CONCLUSION

Although section 330 does not authorize an award of compensation to counsel for Chapter 7 debtors, if counsel has a valid attorney's lien on a retainer for payment of postpetition attorney fees, counsel's reasonable postpetition fees and expenses are secured by that retainer. Section 330 does not preclude counsel from looking to its collateral for payment of the debt secured by its lien.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Fed.R.Bankr.P. 7052 and 9014 and they shall not be separately stated.

---

**4.** That is not to say that state law could not impose such a requirement. In Colorado, for example, the retaining lien statute provides that the attorney has a lien for a "general balance of compensation" on papers of the client. The Colorado Supreme Court has concluded that "[t]his language can only be construed to mean that a lien attaches to the client's papers *once an attorney has completed compensable work." People ex rel. MacFarlane v. Harthun,* 195 Colo. 38, 42, 581 P.2d 716 (1978). (Emphasis supplied.) The Oregon statute, in contrast, says only that the attorney has a lien on property in the attorney's possession "for services rendered to the client." That language is consistent with the common law rule that a lien can secure future services.

**5.** The facts before the court do not raise the question of whether the trustee may request and obtain an order terminating employment of debtor's counsel in order to obtain return of the unearned portion of a retainer.

**6.** The UST argues that allowing the fee obligation to be satisfied from the retainer creates the possibility that counsel for a debtor in possession can circumvent the disinterestedness requirement by skipping the employment process and looking to a prepetition retainer for compensation. That argument overlooks the fact that a debtor in possession would have no obligation to pay such fees. *2 Collier on Bankruptcy* ¶ 327.02 (1996). Absent a debt, a security interest provides no right to payment. *Boh! Ristorante,* on which the UST relies, is distinguishable. In that case, no employment order had been entered, and it was a third party, not the debtor in possession, who was obligated to pay for services to the debtor in possession.