**In re CENTURY CLEANING SERVICES, INC.,**
**Debtor.**

**UNITED STATES TRUSTEE, Appellant,**

**v.**

**GARVEY, SCHUBERT & BARER,**
**and Michael B. Batlan,**
**Trustee, Appellees.**

BAP No. OR–96–2118–HNJ.
Bankruptcy No. 395–36126–elp7.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Aug. 21, 1997.

Decided Oct. 17, 1997.

---

M. Vivienne Popperl, Office of U.S. Trustee, Portland, OR, for U.S. Trustee.

Lauren E. Winters, Portland, OR, for Century Cleaning Services, Inc.

Before: HAGAN, NAUGLE [1], and JONES, Bankruptcy Judges.

## *OPINION*

HAGAN, Bankruptcy Judge.

The United States Trustee (UST) appeals an order of the bankruptcy court allowing compensation to the chapter 7 Debtor's attorney, Garvey, Schubert & Barer. Because Garvey, Schubert & Barer held a valid lien on a retainer, that was not avoided, we AFFIRM the bankruptcy court's decision.

## FACTUAL STATEMENT

On September 8, 1995, Century Cleaning Services ("Century") filed a petition for relief under chapter 11, Title 11, United States Code.[2] On the same date the Appellee law firm, Garvey, Schubert & Barer ("Garvey"), filed an application to be employed as counsel for Century as the debtor in possession. Richard Baroway, a member of the Garvey firm, filed an affidavit stating that Garvey had received a retainer of $27,860.34 from Century.[3] On September 13, 1995, an order was entered allowing employment of Garvey as attorney for the debtor in possession.

The case was thereafter, on September 22, 1995, converted to a case under chapter 7. Garvey submitted to the bankruptcy court, on behalf of the Debtor, the petition, schedules, the statement of affairs, and filed a Rule 2015 report for the month of September 1995 and filed amended reports on behalf of Century thereafter.[4]

---

**1.** Hon. David N. Naugle, Bankruptcy Judge for the Central District of California, sitting by designation.

**2.** Unless otherwise indicated, all references to "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

**3.** On 9–7–95 Garvey had been paid $5,216.86 by Century owner Kathy Tuttle and Victor King for services rendered from 12–6–94 to 6–30–95. Also on 9–7–95 Garvey was paid $12,682.73 by Century as Debtor in Possession for services rendered between 7–26–95 and 9–6–95.

**4.** Rule 2015(a) provides "[a] trustee or debtor in possession shall (1) in a chapter 7 liquidation case, and if the court directs, in a chapter 11 reorganization case file and transmit to the United States trustee a complete inventory of the property of the debtor within 30 days after qualifying as a trustee or debtor in possession." Fed. R.App. P.2015(a). Century was debtor in possession for 16 days pursuant to a petition for relief filed under chapter 11. It appears that Garvey filed this report over a month later on behalf of

On June 10, 1996, Garvey filed an interim payment application for "Debtor's chapter 7 attorney's fees and expenses," for services from September 22, 1995 through April 30, 1996, in the amount of $12,770.87. Garvey was seeking payment from Century's retainer for appearing at the Rule 2004 examination, preparation of the Rule 2015 reports and other miscellaneous services for Century. Garvey stated the fees were secured by an attorney's possessory lien pursuant to Oregon law.

On June 13, 1996, the chapter 7 Trustee (Trustee) filed a notice of intent to compensate Garvey, stating that no monies would be disbursed from the estate but that compensation to Garvey would be paid from Century's retainer. The UST filed an objection to this motion along with a notice of intent alleging the amendment of section 330 pursuant to the Bankruptcy Reform Act of 1994 (1994 Act) and *In re Fassinger*, 191 B.R. 864 (Bankr.D.Or.1996), prevented compensation to a chapter 7 debtor's attorney. The Trustee filed a response stating that the filing of the schedules and the Rule 2015 report were necessary to the estate, but objected to payment for other miscellaneous services. Garvey responded to the objections stating the firm had spent a substantial amount of time in preparation of conversion schedules, participation in the Rule 2004 examination, and preparation of the Rule 2015 report and further alleged their efforts have been hampered by the demand of the Trustee for the turnover of all records. Further, Garvey alleged the work performed was done at the request of the court, the Trustee and the Debtor.

Following a hearing on August 27, 1996, in a written opinion, *In re Century Cleaning Services, Inc.*, 202 B.R. 149 (Bankr.D.Or. 1996) the bankruptcy court followed *In re Fassinger* and held that section 330 specifically authorizes payment to certain professionals but does not include chapter 7 debtor's counsel. Thus Garvey was not entitled to an award of compensation under section 330. The court, however, did conclude that Garvey held a valid attorney's retaining lien

Century for the 16 days while Century was in reorganization under chapter 11. Upon conver-

under Oregon law, but the compensation to Garvey was limited by section 329 and the fees must be reasonable. The court awarded Garvey $10,568.37. The UST timely appealed.

## ISSUE ON APPEAL

Whether a chapter 7 debtor's attorney may be compensated for post-petition work based on a prepetition retainer secured under state law.

## STANDARD OF REVIEW

 The interpretation and application of the Bankruptcy Code is a legal question reviewed de novo. *Bitters v. Networks Electronic Corp. (In re Networks Electronic Corp.)*, 195 B.R. 92, 96 (9th Cir. BAP 1996) (citing *In re Orvco, Inc.*, 95 B.R. 724, 726 (9th Cir. BAP 1989)). Interpretation of state law is reviewed de novo. *In re Networks Electronic Corp.*, 195 B.R. at 96. Reviewing a decision de novo means considering the matter anew, as if it had not been heard before and as if no decision previously had been rendered. *Transcorp/Wilbur S. Avant, Jr., M.D. Rollover I.R.A. v. Pioneer Liquidating Corp. (In re Consolidated Pioneer Mortgage Entities)*, 205 B.R. 422, 424 (9th Cir. BAP 1996); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir.1988).

## DISCUSSION

 A bankruptcy court may only award fees to a debtor's attorney to the extent it is authorized to do so by some provision of the Bankruptcy Code. *In re Fassinger*, 191 B.R. 864, 865 (Bankr.D.Or.1996); *In re Weibel*, 176 B.R. 209 (9th Cir. BAP 1994).

*I. Compensation Under Section 330(a).*

Section 330 precludes compensation to a chapter 7 debtor's attorney.

 The filing of a bankruptcy case creates an estate. 11 U.S.C. § 541. The retainer from Century in Garvey's possession became property of the estate upon Century's filing a petition for relief. Section 330 pro-

sion to a chapter 7 case the report became the responsibility of the chapter 7 trustee.

vides for compensation from the bankruptcy estate to certain employed professionals.[5] Following amendment to the Bankruptcy Code under the Bankruptcy Reform Act of 1994, section 330(a) no longer provides for compensation to debtor's attorney.

Section 330 was further amended by the adoption of § 330(a)(4)(B) which authorizes the court to award reasonable compensation to the debtor's attorney *"[i]n a chapter 12 or 13 case* in which the debtor is an individual." (emphasis added). Those courts which have considered the matter have concluded that section 330(a) does not provide the basis for an award of attorney fees from estate funds to the debtor's attorney in a Chapter 7 case.

*In re Weibel,* 176 B.R. 209 (9th Cir. BAP 1994), *In re Fassinger,* 191 B.R. 864, 865 (Bankr.D.Or.1996); *In re Friedland,* 182 B.R. 576, 579 (Bankr.D.Colo.1995); *In re Kinnemore,* 181 B.R. 520 (Bankr.D.Idaho 1995).

Section 330(a) eliminates payment for the chapter 7 debtor's attorney from the estate. "[I]t is incumbent for chapter 7 debtor's counsel to not rely on estate assets … to pay post-petition attorney's fees." *In re Friedland,* 182 B.R. at 579.

Unlike other chapters of the Bankruptcy Code, the assets and interests of a Chapter 7 debtor and a Chapter 7 estate are not, essentially, the same. Further, the duties of a Chapter 7 debtor are limited to those set forth in Sections 343 and 521, while debtors filing under other chapters must pursue confirmation of a plan of reorganization.

*Id.* (Citations omitted).

Thus Garvey was not entitled to compensation under 11 U.S.C. § 330.

## II. Compensation pursuant to attorneys lien under Oregon law.

The nature and extent of a security interest is determined by nonbankruptcy law, in this case, the law of the State of Oregon. *Rosner v. Worcester (In re Worcester),* 811 F.2d 1224, 1228 (9th Cir.1987) (citing *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979)). The filing of a petition for relief under Federal Bankruptcy law does not avoid a perfected security interest. *Cardinal Enter. v. Far West Federal Bank (In re Cardinal Enter.),* 68 B.R. 460, 462 (9th Cir. BAP 1986); 11 U.S.C. § 548.

Garvey held an attorney's possessory lien under Oregon Revised Statute (Or.Rev.Stat.) § 87.430 on the retainer from Century:

An attorney has a lien for compensation whether specially agreed upon or implied, upon all papers, personal property and money of the client in the possession of the attorney for services rendered to the client. The attorney may retain papers, personal property and money until the lien created by this section and the claim based thereon, is satisfied, and the attorney may apply the money retained to the satisfaction of the lien and claim.

Or.Rev.Stat. § 87.430 (1995).

The UST alleged Garvey could not possess a valid lien before its services earned the money paid in the retainer. The bankruptcy court, interpreting Oregon law, held the Oregon attorney's retaining lien is effective upon the attorney's possession of the client's money or other property, and allowed Garvey to receive compensation under that lien subject to the requirement that the fees requested be reasonable, stating:

I conclude that, similarly, under the Oregon statute a retaining lien is effective upon the attorney's possession of the client's money or other property. Because

5. Section 330 provides:

(a) (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) & (B).

a lien can secure an obligation consisting of a contract for performance of an obligation in the future, it is not necessary that the services have been actually performed before the lien becomes effective.

*In re Century Cleaning Services, Inc.,* 202 B.R. 149, 152–153 (Bankr.D.Or.1996) (citations omitted). We find no error in this interpretation.

■ Garvey held a valid lien on the funds in its possession. That lien was potentially avoidable pursuant to a standing trustee's lien avoidance powers under the Bankruptcy Code. Section 545 provides that a trustee may avoid liens under various circumstances. Neither the standing trustee nor the UST attempted to avoid the lien under section 545. The bankruptcy court correctly stated that an attorney's retaining lien survives bankruptcy unless the trustee avoids the lien under the statutory lien avoidance powers. *See In re Century Cleaning Services,* 202 B.R. at 153 (Bankr.D.Or.1996) (citing *Matter of Innkeepers of New Castle, Inc.,* 671 F.2d 221, 230 (7th Cir.), *cert. denied,* 459 U.S. 908, 103 S.Ct. 212, 74 L.Ed.2d 169 (1982)); *see also Brannon v. Gay,* 527 F.2d 799, 801 (7th Cir.1976). Garvey's valid state law created lien could not be disregarded by the bankruptcy court solely on the basis the services performed were not authorized under section 330 of the Bankruptcy Code.

## CONCLUSION

While section 330 prevents payment to a chapter 7 debtor's attorney for post-petition work from the estate, Garvey had a valid state lien on the retainer. The Bankruptcy Code provides that the procedure to circumvent the lien is to avoid the lien under section 545. That avoidance power was not exercised, the lien remains valid and the bankruptcy court properly concluded that Garvey may be paid under that lien. We AFFIRM.