**In re SOUNDS DISTRIBUTING CORPORATION, Debtor.**

Bankruptcy No. 84–0190–BM.
Motion Nos. 89–2364M, 90–6434M, 90–6472M and 90–7367M.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 7, 1991.

See also 42 B.R. 274, 80 B.R. 749.

**954**

Mary Reitmeyer, Pittsburgh, Pa., trustee.

Mark S. Seewald, Sable, Makoroff, Sherman & Gusky, Pittsburgh, Pa., for debtor.

Robert J. Bernstein, Bernstein and Bernstein, P.C., Pittsburgh, Pa., for the committee of unsecured creditors.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court are several fee petitions. The law firm of Sable, Makoroff & Libenson ("SM & L"), counsel for Sounds Distributing Corporation ("Debtor"), has filed an application for counsel fees in the amount of $15,435.00 and reimbursement of costs in the amount of $1,664.58. Mary Reitmeyer, Chapter 7 Trustee ("Trustee"), opposes the application on several grounds. SM & L's application will be denied in its entirety.

Trustee has filed an application for permission to pay the accounting firm of Hank & Associates in the amount of $13,597.25 for services rendered to Trustee. Debtor opposes the application. Trustee's application will be granted.

Counsel for Trustee has filed an application for attorney's fees in the amount of $22,658.00 and for reimbursement of expenses in the amount of $476.61. The application is unopposed and after Court review will be granted.

Finally, the law firm of Bernstein and Bernstein, P.C. ("Bernstein"), counsel for The Committee of Unsecured Creditors (the "Committee"), has filed an application for counsel fees in the amount of $13,923.52 and for reimbursement of costs in the amount of $918.02. Although the application is unopposed, the compensation for counsel fees will be reduced to $11,316.50 because certain work was unnecessary and charges for certain other services are excessive.

## I

## FACTS

Debtor filed a voluntary Chapter 11 petition on January 27, 1984. The petition and accompanying schedules and statements were prepared by SM & L, which received a $5,000.00 retainer from Debtor at that time for its representation of Debtor in this bankruptcy case.

The Committee was appointed by Order of Court dated February 2, 1984.

An Order of Court appointing SM & L as counsel for Debtor was signed on February 13, 1984 by the bankruptcy judge to whom this case previously had been assigned. For reasons unknown, the Order was not entered on the docket of this case at that time. Said Order was entered on the docket on September 10, 1990.

On March 13, 1984, Joseph J. Bernstein was appointed by Order of Court to serve as counsel to the Committee.

On March 5, 1985, Mary Reitmeyer was appointed by the Court as Chapter 11 Trustee. On March 26, 1985, Mary Reitmeyer was also appointed to serve as counsel for the Chapter 11 Trustee.

On December 18, 1986, a Joint Plan of Reorganization was submitted on behalf of Debtor and Pennsylvania Record Outlet, Inc., a debtor in an *un*related bankruptcy case (Bankruptcy Case No. 86–0190). An Amended Joint Plan of Reorganization was submitted on behalf of both debtors on April 11, 1987. Both proposed plans were prepared by SM & L and were signed by Norton Kalinsky on behalf of both debtors.

The Chapter 11 Trustee subsequently filed a motion to convert this case to Chapter 7. Trustee alleged, *inter alia*, that Debtor had not been actively engaged in business since the filing of its Chapter 11 petition on January 27, 1984. Said motion was granted and the case was converted to Chapter 7 on November 25, 1987.

Mary Reitmeyer was appointed Chapter 7 Trustee on November 25, 1987. Counsel to the Chapter 11 Trustee was appointed

counsel to the Chapter 7 Trustee on January 14, 1988.

Finally, the Chapter 7 Trustee's application to appoint Hank & Associates as Accountants was approved by the Court on January 26, 1989.

## II

### DISCUSSION

#### A) *The Application of SM & L*

SM & L requests $15,435.00 in counsel fees and $1,664.58 in unreimbursed expenses for the period from February 1, 1984 through March 31, 1989.

Trustee objects to the application on several grounds, arguing that a substantial portion of the fees sought should not be charged to this bankruptcy estate. According to Trustee, many of the services rendered by SM & L were either on behalf of the *principals* of Debtor (and not Debtor) or on behalf of *another* debtor in a *different* bankruptcy case. Trustee further argues that any services rendered by SM & L after conversion of the case to Chapter 7 are not chargeable to this bankruptcy estate. In addition, Trustee argues that any fee to which SM & L is entitled should be set off against the $5,000.00 retainer which it received from Debtor at the time of the bankruptcy filing on January 27, 1984. Finally, Trustee objects that the alleged expense of $1,563.05 for photocopying is excessive.

Section 330 of the Bankruptcy Code provides for compensation to the debtor's attorney as follows:

(a) the court may award ... to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and,

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

■ In order for a debtor's attorney to receive compensation from the bankruptcy estate under the former Bankruptcy Act, the services rendered must have been "in aid of the administration of the estate". Most of the cases which dealt with this matter under the Bankruptcy Act held that compensation for a debtor's attorney was limited to services which assist the debtor in the performance of its legal duties as debtor as opposed to the exercise of its legal privileges. The Bankruptcy Code has made no change in this regard. *In re Taylor*, 66 B.R. 390, 395 (Bankr.W.D.Pa. 1986).

Counsel for the debtor is not entitled to compensation from estate assets for any services which are not directly beneficial to the estate. *Id.* In particular, counsel to a debtor is not entitled to compensation for activities which are detrimental to the estate and creditors. *In The Matter of Affinito & Son, Inc.*, 63 B.R. 495, 498 (Bankr. W.D.Pa.1986).

■ SM & L's application for counsel fees and costs will be denied in its entirety.

Review of SM & L's fee application indicates that considerable time was spent by it representing not Debtor but the principals and/or officers of Debtor who were potentially personally liable for unpaid taxes. Considerable time was also spent by SM & L in the formulation and quest for confirmation of a Joint Plan of Reorganization on behalf of another debtor—i.e., Pennsylvania Record Outlet, Inc.—in an unrelated bankruptcy case. In short, SM & L seeks to be compensated *out of this estate* for services which were not of benefit to *this* estate. Accordingly, SM & L is not entitled to compensation out of the assets of this estate for any of those services. *In re Taylor*, 66 B.R. at 395.

Moreover, much of the work for which SM & L seeks to be compensated was performed *after* appointment of the Chapter 7 Trustee on November 25, 1987. Any work which SM & L performed after that time which was not solely for the benefit of the principals of Debtor, or a debtor in another case, nonetheless was duplicative of work

performed by the Chapter 7 Trustee. SM & L therefore is not entitled to be compensated for such work.

Finally, assuming that SM & L is entitled to be compensated for any work that it performed in its capacity as counsel for Debtor, the $5,000.00 retainer paid to it, but not mentioned in its fee application, is sufficient to compensate it for those services.

■ As has been indicated, SM & L also seeks to recover $1,664.58 in unreimbursed costs and expenses. Of that amount, $1,563.05 is for photocopying costs.

Counsel for SM & L explained at the hearing on its application that it charges twenty cents (20¢) per page for photocopying. Simple arithmetic indicates that SM & L claims to have photocopied in excess of 7,800 pages of material. The Court has reviewed the file in this case and cannot imagine what would have necessitated the photocopying of 7,800 pages of material. The Court is left with the inescapable conclusion that SM & L seeks reimbursement from this estate for costs which were incurred in connection with its representation of principals of Debtor and Pennsylvania Record Outlet, Inc. Such expenses, if indeed they were incurred, may not be recovered from this estate. Consequently, SM & L's request for $1,664.58 in costs must also be denied.

B) *The Application of Hank and Associates*

Trustee seeks permission to pay the accounting firm of Hank & Associates in the amount of $13,597.25 for services rendered to Trustee.

Debtor opposes the application. According to Debtor, it is impossible to determine whether the services rendered were necessary and/or reasonable because the application lacks specificity as to the tasks performed.

■ The standard of review of an accountant's application for compensation under 11 U.S.C. § 330 is the same as the standard which applies to requests for attorneys' fees. *In re Daig Corporation*, 48 B.R. 121, 136. (Bankr.D.Minn.1985); *Matter of Affinito*, 63 B.R. at 497.

Bankruptcy Rule 2016 provides in relevant part as follows:

(a) *Application for Compensation or Reimbursement.*

A person seeking interim or final compensation for services, or reimbursement for necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended, and expenses incurred, and (2) the amounts requested....

■ In addition to the requirements set forth in Bankruptcy Rule 2016, a proper fee application must list each activity separately, the date on which it was performed, the person who performed the work, a description of the work performed or the subject matter of the work, and the time spent on the work. *Matter of Affinito*, 63 B.R. at 497.

■ The burden of proof as to the reasonableness of the requested compensation lies with the applicant. *Id.*

■ The fee petition presented on behalf of Hank & Associates is inadequate by the above standards. It does not list each activity separately, or state the date it was performed, or state the time spent on that work. In addition, the application does not specify the hourly rates charged by the persons who performed the work.

The fee petition instead consists of only generic entries such as "reviews of previous records", "design of new computer system in order to compile and analyze accounting data and tax history", "preparation of Federal and PA State Corporate Tax Returns for 1985–89", and "advance preparation" of taxes for 1990.

However, Walter Hank, senior partner of Hank & Associates, testified at the hearing on its fee petition and was cross-examined by debtor's counsel. Mr. Hank's testimony provided the required information which was lacking in the application itself. He satisfactorily explained what the various entries on the application meant and indicated the hourly rates of the people who performed the services.

The Court finds that the services rendered were necessary and reasonable and

that the rates charged were reasonable. In fact, the hourly rates charged were less than those usually charged by other accounting firms in other bankruptcy cases.

Trustee's application to pay Hank & Associates the sum of $13,597.25 will be approved.

C) *The Application Of Counsel To The Chapter 7 Trustee*

Counsel to the Chapter 7 Trustee seeks $22,658.00 in counsel fees and $476.61 for costs and expenses for the period from July 1, 1977 through July 16, 1990.

■ The petition is unopposed. Even so, this Court has an independent responsibility to determine the reasonableness of compensation. *In re Meade Land and Development Co., Inc.*, 527 F.2d 280, 283 (3rd Cir.1975); *Matter of Affinito*, 63 B.R. at 497.

■ The Court has reviewed the application and finds that the fees and expenses were necessary and reasonable. The petition of counsel to Chapter 7 Trustee will therefore be granted.

D) *The Application of Counsel To The Committee Of Unsecured Creditors*

Bernstein, counsel to the Committee, seeks $13,005.50 in counsel fees and $914.62 in unreimbursed costs.

■ The application is unopposed. However, the Court has exercised its responsibility to independently examine the application, *see In re Meade Land and Development Co.*, 527 F.2d at 283, and finds that a small portion of the work performed was unnecessary and/or unreasonable and that the hourly rates charged for certain other work is excessive and unreasonable. The compensation paid will be adjusted accordingly.

■ The fee application indicates that a total of 14.4 hours were expended by several different attorneys in preparing this fee application. The total compensation sought for this work is approximately $1,450.00. The Court finds that it was unnecessary and/or unreasonable to expend 14.4 hours preparing this application. By even the most generous of standards,

no more than two (2) hours should have been spent on its preparation. The fee application accordingly will be reduced by $1,200.00 (12 hours × $100.00/hr. = $1,200.00) due to the excessive time spent preparing this application.

■ In addition, the hourly rates charged for work performed by paralegals and a law clerk are exorbitant.

For instance, Bernstein seeks to be compensated at the rate of $50.00 per hour for work done by one (1) paralegal and at the rate of $35.00 per hour for work done by two (2) other paralegals and a law clerk. Such rates, in particular the hourly rate of $50.00, are unreasonably high. Assuming that this paralegal produced 2,000 billable hours in a year, the annual charge amounts to $100,000.00 a year, which is more than members of this court or the district court presently earn in a year. Counsel for Bernstein informed the court that this paralegal was paid a salary of less than $25,000.00 per year. Even after all other expenses associated with employing this paralegal are taken into account, the net profit to Bernstein would be exorbitant and should not be borne by this bankruptcy estate. Similar remarks could also be made concerning the hourly rate of $35.00 for work done by the other two paralegals and the law clerk.

The Court finds that an hourly rate of $30.00 is reasonable, if not generous, for the work performed by all the paralegals and the law clerk. As a result, the fee application will be reduced by an additional $489.00.

Counsel for the Committee will be paid a total of $11,316.50 in fees and $914.62 in costs and expenses.

An appropriate Order will be issued.

### ORDER OF COURT

AND NOW at Pittsburgh in said District this 7th day of January, 1991, in accordance with the foregoing Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED as follows:

(1) The Application of Sable, Makoroff & Libenson For Compensation, As Attorneys For The Debtor For The Period

February 1, 1984 Through March 31, 1989, filed at Motion No. 89–2364M, is DENIED.

(2) The Application For Compensation For Accountant, filed at Motion No. 90–6434M, is GRANTED and the Chapter 7 Trustee is authorized to make payment in the amount of $13,597.25 to Hank and Associates, Accountant for the Trustee.

(3) The Final Application For Attorney Fees and Reimbursement of Costs by Mary Reitmeyer, counsel for the Chapter 7 Trustee, filed at Motion No. 90–6472M, is GRANTED and the Chapter 7 Trustee is authorized to make payment to counsel for the Trustee in the amount of $22,658.00 in counsel fees and $476.61 in costs, for a total of $23,134.61.

(4) The Amended First and Final Application For Attorney Fees For Counsel for Committee of Unsecured Creditors, filed at Motion No. 90–7367M, is GRANTED, in part, and the Chapter 7 Trustee is authorized to make payment to Robert J. Bernstein, Esq., in the reduced amount of $11,316.50 in counsel fees and $918.02 in costs, for a total of $12,234.52.