**In re STROUDSBURG DYEING & FINISHING COMPANY, a Partnership, Debtor.**

**Bankruptcy No. 5–93–00196.**

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

May 12, 1997.

Gregory Lyons, Harrisburg, PA, for U.S. Trustee's Office.

John H. Doran, Wilkes–Barre, PA, for Doran & Nowalis.

Peter Hoegen, Wilkes–Barre, PA, Chapter 11 Trustee.

### *OPINION AND ORDER*

JOHN J. THOMAS, Bankruptcy Judge.

The facts upon which this Opinion is based are not disputed. Accordingly, we will adopt that rendition set forth in the Brief of the United States Trustee which is set forth as follows:

> On February 2, 1993, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 22, 1993, the Courted [sic] entered an Order approving the employment of Doran & Nowalis ("D & N") as Debtor's attorney. Finally, on March 23, 1994, the Court entered an Order approving the appointment of Peter Hoegen, Jr., Esq. as the chapter 11 trustee.

> D & N filed the subject application on October 18, 1995. They seek compensation in the total amount of $84,461.00 for services rendered plus reimbursement of expenses in the total amount of $1,092.86. Attached to the application is an itemization of services rendered for the period January 15, 1993 through September 30, 1995. The request includes $21,342.50 for services rendered after the Court appointed Mr. Hoegen as the chapter 11 trustee.

> The U.S. Trustee filed its objections to D & N's fee application on or about October 30, 1995. The trustee states in its objections that D & N is not entitled to any compensation from the estate for services rendered after the date Mr. Hoegen was appointed.

> The Court held a hearing on the U.S. Trustee's objections on November 18, 1996. The Trustee continued its argument that D & N was not entitled to any fees from the estate after Mr. Hoegen's appointment. The Trustee raised the alternative argument that if compensation were permitted, such approval must be limited to services that benefitted the estate. Af-

ter hearing the arguments of counsel, the Court bifurcated the issues. Based upon the briefs of the parties, the Court would decide whether a professional employed by a debtor-in-possession is prohibited, as a matter of law, from receiving compensation from the estate after the appointment of a chapter 11 trustee. If not, the matter would end. If it ruled against the Trustee, the Court would then consider whether a hearing was necessary to establish the benefit to the estate of the subject services. (United States Trustee's Brief in Support of Objections to the Application of Doran & Nowalis for Interim Compensation, filed 12/11/96.)

Most cases addressing this issue have begun their discussions with the analysis found in *In re NRG Resources, Inc.*, 64 B.R. 643 (W.D.La.1986), which observes that once a chapter 11 trustee has been appointed, the debtor-in possession and its counsel have no role and cannot receive compensation.

Notwithstanding that decision, a number of cases have adopted the "benefit analysis" test in determining whether counsel for a former debtor-in-possession should be compensated after the appointment of a chapter 11 trustee. *In re Spanjer Bros., Inc.*, 191 B.R. 738, 758 (Bankr.N.D.Ill.1996); *Friedman v. Melp, Ltd. (In re Melp)*, 179 B.R. 636, 640–41 (E.D.Mo.1995); *In re Pine Valley Mach., Inc.*, 172 B.R. 481, 488 (Bankr.D.Mass.1994); *In re Swansea Consolidated Resources, Inc.*, 155 B.R. 28, 37 (Bankr.D.R.I.1993): *Pfeiffer v. Couch (In re Xebec)*, 147 B.R. 518, 523 (9th Cir. BAP 1992); *In re Sugarman*, 137 B.R. 391, 392–393 (Bankr.S.D.Cal.1992); *In re Ginji Corp.*, 117 B.R. 983 (Bankr.D.Nev. 1990): *In re TS Industries, Inc.*, 125 B.R. 638, 643–644 (Bankr.D.Utah 1991); *In re Stoecker*, 114 B.R. 965, 970 (Bankr.N.D.Ill. 1990); *In re Marker*, 100 B.R. 569, 570–571 (Bankr.N.D.Ala.1989) *citing* principles founded on the Act case of *Randolph v. Scruggs*, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (1903); *In re Sandra Cotton, Inc.*, 91 B.R. 657, 659 (W.D.N.Y.1988); *In re Coastal Equities, Inc.*, 39 B.R. 304 (Bankr.S.D.Cal. 1984).

Not inconspicuously, the cases that have followed the benefit analysis approach have not emanated from our Third Circuit. In two specific decisions, the Third Circuit Court of Appeals has taken a no-nonsense prophylactic approach in denying attempts by professionals to be compensated without specific prior authority of the bankruptcy court. *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 103 (3rd Cir.1988). *In re Arkansas*, 798 F.2d 645 (3rd Cir.1986).

Collier relies on *In re Mullendore*, 527 F.2d 1031, 1035 (10th Cir.1975) and *In re Designaire Modular Home Corp.*, 517 F.2d 1015, 1018–1019 (3rd Cir.1975) in positing that advance court approval is not "necessary for the appointment of an attorney for the debtor in a liquidation case under chapter 7, an attorney for the debtor in a chapter 13 case, or an attorney representing a debtor *out of* possession in a reorganization case." 3 Lawrence P. King, Collier on Bankruptcy ¶ 327.07 at 327–72 (15th ed. rev.1996).

In distinguishing *In re Designaire Modular Home Corp.*, the Third Circuit explained that prior court approval for counsel to a debtor (out of possession) may be unnecessary because counsel would represent only the interests of the debtor and not be a fiduciary for the creditors as would an attorney for a debtor-in-possession. *Matter of Arkansas Co.*, 798 F.2d 645, 647–648 (3rd Cir.1986).

The U.S. Trustee's objection to Doran's fee application references *In re NRG Resources, Inc.*, 64 B.R. 643 (W.D.La.1986) as the "cornerstone" case in the area. While the observation is correct, the mere weight of citations finding exceptions to *NRG Resources* makes it more of a target of criticism than an icon of emulation. This Court has found no case that has subscribed to its unwavering proscription against compensating counsel for the out of possession debtor.

The Court is inclined to view the scenario presented by these facts in a practical manner.

After the appointment of an eleven trustee, the laundry list of responsibilities of § 1106 of the Bankruptcy Code are transferred to the appointed individual. While some of the information necessary to comply with these duties will be supplied by the creditors' com-

mittee, if any, the trustee will likely seek out the former debtor-in-possession or its chief officer for assistance. Without doubt, the debtor is under a duty to cooperate with the trustee as specified in § 521 of the Code. Nevertheless, that debtor should be well aware that every activity undertaken while in possession will be the subject of investigation and scrutiny under § 1106(a)(3). The degree to which the debtor works with the eleven trustee may depend intimately on the advice received from counsel. Lawyers, however, will not work for nothing. The debtor has no assets to draw upon since, presumably, they have been turned over to the chapter eleven trustee. Counsel's only recourse would appear to be to look to the assets of the estate to the extent such assets exist.

These concerns become all the more apparent when, as here, the Debtor is a corporation that can speak, in court, only through a lawyer. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993), *United States v. Cocivera*, 104 F.3d 566 (3rd Cir.1996). By agreeing with the U.S. Trustee, it is likely that we forever silence the Debtor corporation as a party in this case.

■ Doran's position appears to be supported, not only by the weight of authority, but by the considerable influence of just plain practicality. I, therefore, decide that counsel can be compensated for services performed after the appointment of the eleven trustee.

In an effort to render some degree of objectivity to the task at hand, I adopt the factors set forth in *Pfeiffer v. Couch (In re Xebec)*, 147 B.R. 518, 523 (9th Cir. BAP 1992) to set an objective limitation to the extent to which this Court will approve post-conversion services by the Debtor's professionals. Those factors are: (1) whether the debtor's attorney's actions duplicated the duties of the trustee or the trustee's counsel under 11 U.S.C. § 1106; (2) whether the services have in fact, obstructed or impeded the administration of the estate; and (3) whether the debtor's attorney's actions are consistent with the debtor's duties under 11 U.S.C. § 521.

Stated another way, the post-trustee services must be in furtherance of those duties set forth in § 521. Provided that they are not duplicative of those duties of the trustee under § 1106 and did not impede the administration of the estate, the services will be allowed.

■ By way of further explanation, should debtor's counsel expect to be compensated for performing activities that would otherwise be performed by the eleven trustee or trustee's counsel, then it should be obvious that debtor's counsel would cross the line back into acting as a fiduciary for the creditors and an application under § 327(e) should be presented. *In re TS Industries, Inc.*, 125 B.R. 638, 643–644 (Bankr.D.Utah 1991).

The law firm of Doran & Nowalis is given thirty (30) days to supplement their application for post-trustee services in such a way as to allow this Court to make findings as to its allowance under the standards set forth herein.

The U.S. Trustee is given ten (10) days from the date of service of the supplemental application to file further objection.