**In re BRIERWOOD MANOR, INC., Debtor.**

**Bankruptcy No. 94–30676 RTL.**

United States Bankruptcy Court, D. New Jersey.

Aug. 12, 1999.

Paul J. Maselli, Maselli Warren, P.C., Princeton, NJ, for Debtor.

Theodore J. Liscinski, Jr., Lanfrit, Liscinski & Rosenwasser, P.C., Somerset, NJ, for Chapter 7 Trustee.

## OPINION

RAYMOND T. LYONS, Bankruptcy Judge.

Before this court is the fee application filed by Maselli Warren, P.C. (the "Appli-

cant") as counsel to the chapter 7 debtor, Brierwood Manor, Inc. (the "Debtor"). Applicant seeks allowance for fees of $4,545.00 and reimbursement of expenses of $99.88 for its representation of the Debtor after conversion of the Debtor's case from chapter 11 to chapter 7 and the appointment of a chapter 7 trustee.[1] Theodore J. Liscinski, Jr., the chapter 7 trustee (the "Trustee") objected to the application because there was no order authorizing the employment of Applicant as counsel to the chapter 7 debtor. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and (b)(1) and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

Following conversion of the case, Applicant did not seek court authorization to render services to the Debtor or the Trustee. As a result of Applicant's failure to obtain court approval, any services provided by Applicant to the Trustee or to the Debtor, which went beyond those transitional services contemplated by § 521 of the Bankruptcy Code, 11 U.S.C. § 521[2], are noncompensable. The court finds that those services performed by Applicant that are disallowed were services that should have been performed by the Trustee and his court appointed legal counsel. If the Trustee wished to retain Applicant for a special purpose, he could have sought court authorization under § 327(e). Since this was not done, Applicant cannot be compensated for such services.

For the reasons set forth below, Applicant is entitled to fees in the amount of $2,032.50 and $10.80 in expenses for representing the Debtor in performing its duties in transition from chapter 11 to chapter 7. The balance of the application is denied.

The following constitutes the court's findings of fact and conclusions of law.

## FACTS

The Debtor, which operated a banquet facility and night club, filed a voluntary petition under chapter 11 on February 3, 1994. Applicant was not initially retained, but on February 2, 1998, Applicant was substituted as Debtor's counsel. At the time Applicant was retained the Debtor had obtained bankruptcy court approval for the sale of its only significant asset, the liquor license, to an entity controlled by the husband of the Debtor's sole shareholder. Despite the fact that the court approved the sale in December 1997, the Debtor had not accomplished the transaction and the purchaser was having difficulty obtaining local governmental approval.

The United States Trustee filed a motion to convert the case to one under chapter 7 pursuant to 11 U.S.C. § 1112(b) because the Debtor had failed to pay postpetition taxes. On July 1, 1998, the United States Trustee's motion was granted, the case was converted to chapter 7 and a chapter 7 trustee was appointed.

The Trustee determined that, in order to maximize the value of the Debtor's liquor license, he should continue to operate the Debtor's business pursuant to § 721 of the Bankruptcy Code. Applicant prepared the pleadings and obtained court approval for the Trustee to operate the business. In order to assist with the operation of the business and the liquidation of the Debtor, the Trustee obtained court authorization to retain his law firm as counsel to the Trustee. Applicant, which had assisted the chapter 11 debtor in possession in its efforts to sell the business and liquor license, continued these efforts following conversion to chapter 7. Applicant successfully

---

1. On September 2, 1998, the bankruptcy court awarded Applicant $15,907.50 in attorney fees and expenses as chapter 11 administrative expenses for all services performed by Applicant from the inception of its representation until conversion.

2. All statutory references contained herein are to the Bankruptcy Code, 11 U.S.C. § 101 et seq., unless otherwise indicated.

assisted the purchaser in the transfer of the liquor license by the local authorities.

On March 16, 1999, Applicant filed its present fee application seeking payment for services rendered to the Debtor after the conversion to chapter 7.

Applicant stated in its fee application:

[i]t is respectfully submitted that, due to the applicant's involvement in the Chapter 11 proceedings, and the efforts that had been made pre-conversion, your applicant was uniquely qualified to assist all parties concerned so as to assure a sale of the liquor license and so as to assure a smooth transition from operating under Chapter 11, to operating under Chapter 7, to liquidation under Chapter 7. Once the liquor license was sold and the Debtor ceased operations, the services of your applicant were no longer necessary for the benefit of this estate and no request is made for services rendered to the Debtor beyond that point.

Unfortunately, no one sought authorization pursuant to 11 U.S.C. § 327(a) or (e) for Applicant to provide services following conversion.

## DISCUSSION

The issue is whether Applicant is entitled to allowance of fees and expenses from the chapter 7 estate for post-conversion services provided to the former debtor in possession. Initially, the court must address whether § 330(a)(1) of the Bankruptcy Code authorizes an allowance of

3. Pub.L. No. 103–394, 108 Stat.4106 (1994)("BRA 94").

4. Prior to the adoption of BRA 94, § 330(a)(1) provided:

(a) After notice to any parties in interest and to the United States trustee and a hearing ... the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, **or to debtor's attorney** (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney ... based on the nature, the extent, and the

fees and expenses to a debtor's attorney in a chapter 7.

### SECTION 330(a)(1)

Section 330(a)(1) of the Bankruptcy Code currently provides:

(a)(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

Prior to the adoption of The Bankruptcy Reform Act of 1994 [3], section 330(a) clearly provided authority for the bankruptcy court to award reasonable compensation to a debtor's attorney in a chapter 7 case for post-petition services rendered on behalf of a debtor [4]. In 1994, however, Congress amended § 330 and deleted the specific language referring to a "debtor's attorney." As a result of the amendment, courts have divided on the issue of whether bankruptcy courts are still permitted to make allowances to debtor's attorneys in chapter 7.

Some courts have concluded that Congress intended to prohibit payment of post-petition fees to debtors' attorneys.[5]

value of such services, the time spent on such services, and the cost of comparable services....

11 U.S.C. § 330(a)(1) (1978). (emphasis added).

5. *Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro–Snax Distrib., Inc.)*, 157 F.3d 414 (5th Cir.1998); *United States Trustee v. Garvey, Schubert & Barer (In re Century Cleaning Servs., Inc.)*, 215 B.R. 18 (9th Cir. BAP 1997); *In re Johnson*, 234 B.R. 671 (Bankr. S.D.Tex.1999); *In re Thomas*, 195 B.R. 18 (Bankr.W.D.N.Y.1996); *In re Fassinger*, 191 B.R. 864 (Bankr.D.Or.1996); *In re Friedland*,

Other courts have reasoned the deletion of "or to debtor's attorney" was nothing more than a mistake by Congress, and that bankruptcy courts retain authority to award fees to debtor's attorneys.[6]

The courts holding that the deletion of "or to debtor's attorney" in § 330(a)(1) prohibits payment of debtor's attorney's fees from the estate have followed the plain meaning approach to statutory interpretation. If the language is not there, and it was removed from the Code by Congress, then it was intentional and must therefore be interpreted as written. As one court stated, "[t]he court may only award fees to the debtor's attorney to the extent it is authorized to do so by some provision of the Code." *Fassinger*, 191 B.R. at 865 (citing *In re Weibel*, 176 B.R. 209 (9th Cir. BAP 1994)). See also *Century Cleaning Servs.*, 215 B.R. at 21. Or as another court remarked, "if the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" *Friedland*, 182 B.R. at 578 (citations omitted).

These courts have reasoned that the removal of the language from the Code by Congress prohibits bankruptcy courts from awarding fees to debtor's attorneys in chapter 7 cases no matter how inequitable and unjust it may seem. The Fifth Circuit Court of Appeals stated:

[w]e decide the issue before us bound by our conventions of statutory construction, even though common sense might lead the lay observer to conclude that a different result is perhaps more appropriate. The law, and the rules to which we adhere in order to interpret it, does not always conform to the dictates of common sense. In this case, we are faced with a statute which is clear on its face. It excludes attorneys from its catalog of professional officers of a bankruptcy estate who may be compensated for their work after the appointment of a Chapter 11 trustee.... '[I]n the absence of any ambiguity, our examination is confined to the words of the statute, which are assumed to carry their ordinary meaning.' Recourse to the legislative history is unnecessary in light of the plain meaning of this text. (citations omitted).[7]

*Pro–Snax Distrib.*, 157 F.3d at 424–25.

For additional support, the courts refer to the contemporaneous adoption in 1994 of § 330(a)(4)(B) which authorizes a bankruptcy court to allow reasonable compensation to a debtor's attorney in chapter 12 or chapter 13 cases. The bankruptcy court in *Kinnemore*, 181 B.R. at 521 wrote "[a]s suggested by the ancient maxim of statutory construction, *inclusio unius est exclusio alterius*—'the expression of one is the exclusion of the other'—the failure of Congress to include a reference to Chapter 7 debtor's counsel fees in subsection (a)(4)(B) must be interpreted to mean the legislature intended to exclude such attorneys from compensation from the bankruptcy estate."

In contrast, the Second Circuit Court of Appeals in *Ames Dep't Stores*, 76 F.3d at 71, agreeing with *Collier on Bankruptcy*[8],

---

182 B.R. 576 (Bankr.D.Colo.1995) and *In re Kinnemore*, 181 B.R. 520 (Bankr.D.Idaho 1995).

**6.** *In re Ames Dep't Stores, Inc.*, 76 F.3d 66 (2d Cir.1996); *In re Grossman*, 1996 WL 389324 (Bankr.E.D.Pa.1996); *In re Hodes*, 235 B.R. 93 (Bankr.D.Kan.1999); *In re W.G. Shuckers, Inc.*, 232 B.R. 524 (Bankr.S.D.Ga.1999); *In re Bottone*, 226 B.R. 290 (Bankr.D.Mass.1998) and *In re Miller*, 211 B.R. 399 (Bankr.D.Kan. 1997).

**7.** A bankruptcy court within the Fifth Circuit recently called upon to apply the *Pro–Snax Distrib.* opinion, concluded that while 'common sense' may dictate a different result, the court was bound by the Fifth Circuit's decision applying the plain language of section 330(a)(1). The court went on to acknowledge the difficulty for debtor's attorneys created by the ruling. *Johnson*, 234 B.R. at 674–75.

**8.** *Collier* has concluded that "[b]ecause the change is inconsistent with current case law and the legislative history of section 330 does not support such a drastic change, courts

concluded that the omission of "or to debtor's attorney" was inadvertent. The court stated that "[w]here the benefits of services to the estate are the same, it makes no sense to treat performances of such benefits by debtors' attorneys differently than performances by other retained professionals. This accords with 'the statute's aims that attorneys be reasonably compensated and that future attorneys not be deterred from taking bankruptcy cases due to a failure to pay adequate compensation.'" *Id.* at 72. (citing *In re UNR Indus., Inc.*, 986 F.2d 207, 210 (7th Cir. 1993)).

Courts adhering to the Congressional mistake theory have pointed to the absence of any legislative history on this issue. Normally when Congress makes such a drastic change, as has occurred to § 330, there is some Congressional debate regarding their intention in revising the Code. The court in *Miller* stated its reluctance "to accept arguments that would interpret the Code, however vague the particular language under consideration might be, to effect a major change in pre-Code practice that is not the subject of at least some discussion in the legislative history." *Miller*, 211 B.R. at 402. See also *Bottone*, 226 B.R. at 296 ("[I]n light of the absence of any legislative history or comment to support such an extensive change in the statute, the omission of the debtor's attorney from § 330(a) listing was inadvertent."). "It certainly seems strange to think that Congress would have intentionally chosen to permit chapter 12 and 13 estates to pay for attorney services [in accordance with (a)(4)(B)] that benefitted the debtor but not those that benefitted the estate or were necessary to the administration of the case." *Miller*, 211 B.R. at 401.

The Third Circuit Court of Appeals has not addressed this question; but a bankruptcy court in the Third Circuit recently agreed with the Second Circuit and *Collier on Bankruptcy*. The court concluded that the deletion of "or to debtor's attorney" from § 330(a)(1) was an inadvertent mistake by Congress and that bankruptcy courts retain the authority to award a debtor's attorney an allowance for fees and expenses pursuant to § 330(a)(1). "The absence of a direct prohibition of such compensation appears to us to militate against finding that there was an implicit repeal, by the 1994 amendments, of prior law allowing compensation to a Chapter 7 debtor's counsel from the estate, well supported by the Third Circuit Court of Appeals...." *Grossman*, 1996 WL 389324 at *4 n. 1. Judge Bissell of this district agrees with this analysis. *Hellring, Lindeman, Goldstein & Siegal, LLP v. Suplee (In re Top Grade Sausage, Inc.)*, No. 99–393(JWB), at 12 (D.N.J. April 16, 1999) (unpublished opinion) ("This court is persuaded that despite their omission from the face of § 330, debtor's attorneys may nonetheless be compensated under that section.").

▮ Examination of the statutory text supports the proposition that the deletion by Congress was clearly an oversight. Not only does the initial list of professionals contained in (a)(1) not include the conjunction "or" before "a professional person," the list of covered professionals contained in (a)(1)(A) contains the word "attorney." "Both these drafting errors indicate either 'the debtor's attorney' was mistakenly omitted from the first list or else other changes made necessary by the phrase's deliberate omission were mistakenly not made." *Miller*, 211 B.R. at 402. Such inconsistencies support the inference that the deletion of the language was unintentional.

This court adopts the reasoning of the Second Circuit and its progeny which con-

should construe the deletion as unintended. For the sake of clarification and consistency, section 330(a) should be amended to include attorneys for debtors within the persons enti-

tled to compensation under that section." 3 *Collier on Bankruptcy* ¶ 330.LH[5], at 330–76 (Lawrence P. King ed., 15th ed. Revised 1996).

clude that the deletion from § 330(a)(1) of the specific language referring to "or to debtor's attorney" was an error by Congress. A bankruptcy court may award compensation to a chapter 7 debtor's counsel. The court must next examine specifically what services were provided post-conversion and what role Applicant played, or should have played, in the administration of the converted chapter 7 case.

## APPLICANT'S CONTINUED POST–CONVERSION REPRESENTATION

■ In a chapter 11 reorganization, the debtor in possession has a fiduciary duty to act in the best interests of the estate and creditors. The Code requires the chapter 11 debtor in possession to obtain prior court authorization before counsel serves as legal adviser to the debtor. The court must confirm that counsel selected by the debtor is disinterested and does not hold an interest adverse to the estate. 11 U.S.C. § 327(a). Upon conversion of the chapter 11 case to liquidation under chapter 7,[9] however, the interests of the estate become the responsibility of the chapter 7 trustee. "It is the Chapter 7 trustee and the professionals he employs who are charged with the administration of the estate." *Sable, Makoroff & Gusky, P.C. v. White (In re Lyons Transp. Lines, Inc.),* 162 B.R. 460, 463 (Bankr.W.D.Pa. 1994).

■ If a case is initially filed under chapter 7, the bankruptcy court normally has little say about the legal counsel chosen by the debtor. "[C]ounsel for a Chapter 7 debtor need not be appointed as such by the bankruptcy court to receive compensation from that debtor's estate, but can obtain compensation from the estate only upon establishing, in a subsequent application, that counsel's services benefitted the estate." *In re Trinsey,* 115 B.R. 828, 830 (Bankr.E.D.Pa.1990).

■ Once a case is converted to chapter 7, and a trustee appointed, two sections of the Code come into play regarding the roles of the debtor and the trustee. Section 704 of the Code sets forth the duties of the trustee, including the duty to locate and liquidate all property of the estate. The role of the former debtor in possession is set out in § 521 of the Bankruptcy Code. Section 521(3) provides that the debtor shall—"if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." 11 U.S.C. § 521(3). "[T]he post-trustee services must be in furtherance of those duties set forth in § 521." *In re Stroudsburg Dyeing & Finishing Co.,* 209 B.R. 648, 650 (Bankr.M.D.Pa.1997) (attorney could be compensated for services performed after appointment of chapter 11 trustee, if attorney's post-trustee services were consistent with debtor's continuing statutory duties, if they were not duplicative of duties of trustee or trustee's counsel, and if they did not impede administration of estate.).

■ FED.R.BANKR.P. 1019 subsections (4) and (5) deal specifically with the duties of the debtor following conversion from chapter 11 to chapter 7. Under subsection (4) the debtor in possession shall forthwith turn over to the chapter 7 trustee all records and property of the estate in its possession or control. Subsection (5) requires the debtor in possession to file a schedule of unpaid debts incurred during the chapter 11 administration and submit a final accounting to the United States Trustee. A corporate debtor may appear in court only by an attorney at law. Also, a corporation will have no funds to pay for legal counsel outside of property of the estate. The former debtor in possession may require assistance of counsel to perform these duties and such counsel should be compensated from the estate. Once the

---

9. This case does not involve compensation to counsel for a debtor out of possession after the appointment of a chapter 11 trustee.

necessary transition matters are accomplished, debtor's counsel should immediately conclude its service to the former debtor in possession or seek further authorization from the bankruptcy court as to its appropriate role in the chapter 7 case.

Some courts have concluded that once the trustee is appointed after the conversion, representation of the former debtor in possession by debtor's counsel in the bankruptcy must end. See *In re NRG Resources, Inc.*, 64 B.R. 643 (W.D.La.1986) (trustee replaces the debtor in possession in order to administer assets of the debtor's estate and to protect security interests of creditors). Other courts have decided that after conversion, but only under special circumstances, debtor's counsel may provide legal services to the estate. As one court stated, "[t]he combination of the disinterestedness requirement of 11 U.S.C. § 327(a) [10] and the provisions of § 327(e) suggest that debtor's counsel can only serve the trustee for a limited purpose subject to the approval of the Court and upon a finding that such employment is in the best interest of the estate. Therefore, while counsel for the debtor, without Court authorization, may assist the debtor to, perform its duties, no provision of the Bankruptcy Code would authorize such counsel to assist the Trustee in the performance of the Trustee's duties under 11 U.S.C. Section 704, irrespective of the benefit to that Trustee or the estate." *In re Pine Valley Mach., Inc.*, 172 B.R. 481, 487 (Bankr.D.Mass.1994). See also *In re Prime Foods of St. Croix, Inc.*, 80 B.R. 758, 762 (D.V.I.1987) (Debtor's attorney who worked with trustee on regular basis did not transform himself de facto into the trustee's attorney).

## SALE OF LIQUOR LICENSE AND BUSINESS CONTINUATION

■■■ According to the fee application, Applicant spent the vast majority of its time post-conversion assisting the Trustee with the consummation of the sale of the liquor license, the estate's sole asset. Applicant also prepared pleadings leading to court authorization for the Trustee to operate the Debtor's business. As the district court in *Prime Foods of St. Croix*, 80 B.R. at 762, stated, "[i]f the debtor's attorney is giving legal advice to the trustee, then he is acting as the trustee's attorney, whose employment must be confirmed by the court." (citing *In re Designaire Modular Home Corp.*, 517 F.2d 1015, 1019 (3d Cir.1975)). [11] "[S]hould debtor's counsel expect to be compensated for performing activities that would otherwise be performed by the eleven trustee or trustee's counsel, then it should be obvious that debtor's counsel would cross the line back into acting as a fiduciary for the creditors and an application under § 327(e) should be presented." *Stroudsburg Dyeing & Finishing*, 209 B.R. at 650 (citing *In re TS Indus., Inc.*, 125 B.R. 638, 643–44 (Bankr. D.Utah 1991)). Section 327(e) provides:

> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to employed.

The conditions of Debtor's liquidation in the instant bankruptcy case did not re-

---

**10.** Section 327(a) provides:
(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

**11.** It has been stated that "[t]he intent of the Bankruptcy Code seems crystal clear that just as a trustee replaces the debtor-in-possession for the purpose of administering the estate and operating its business, so it is that the trustee's attorney displaces the debtor's attorney in order that the trustee will have counsel and assistance in performing his fiduciary duties." *NRG Resources*, 64 B.R. at 647.

quire the continued services of Applicant. There was nothing preventing the Trustee and his experienced legal counsel from completing the proposed sale and otherwise wrapping up the liquidation. If the Trustee needed Applicant's assistance to finish the sale of the Debtor's sole asset, application by the Trustee for retention pursuant to § 327(e) should have been made. No such request was made by the Trustee. Instead, the basis of the Trustee's objection to the allowance was that Applicant had not been retained.

 Furthermore, as previously noted, the Trustee had already retained his own legal counsel to assist with liquidation of this Debtor. It does not seem fair or equitable to burden the estate and its creditors with the cost of the legal services provided by Applicant. This is especially true when one considers that the Trustee, and his court approved counsel, will also seek payment for the rendition of the same services. No compensation can be allowed for Applicant's post-conversion services in connection with the continued operation of the business by the Trustee or the sale of the liquor license because there was no prior authorization as required by § 327(e). The Third Circuit "reject[ed] the notion that a complete and thorough post-application review may substitute for prior approval ... [because] [t]his approach would render meaningless the structure of the Bankruptcy Code and Rules which contain provisions requiring both prior approval of employment and after the fact approval of compensation." *In re Arkansas Co.*, 798 F.2d 645, 649 (3d Cir.1986). See *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99 (3d Cir.1988).

 If authorization of the court is not sought under § 327(e), an attorney who previously represented a debtor should not thereafter continue to represent the debtor or the trustee with expectation of receiving payment from the estate.[12] "[T]he 'specified special purpose' requirement [of § 327(e)] serves the important policy of avoiding an unnecessary duplication of services at the expense of the estate." *NRG Resources*, 64 B.R. at 647. (citation omitted). The bankruptcy court must be given an opportunity to determine whether the continued representation by debtor's counsel is necessary and in the best interests of the estate before any services are provided. If this procedure is not followed by counsel, the outcome may be quite harsh when allowance is sought.

> If the debtor's attorney has not been so appointed [to represent the trustee in accordance with § 327(e)], services that it performs that are duties of the trustee are either: (1) authorized by the trustee and, therefore, non-compensable under § 330(a) because ... it is acting as the trustee's attorney without having been employed as such under § 327(e); or (2) unauthorized by the trustee and, therefore, non-compensable under § 330(a) because such services will be presumed to be unreasonable and unnecessary as the attorney is interfering with the trustee's role as the manager of the estate.

*TS Indus.*, 125 B.R. at 643. In the future, counsel is best advised, when confronted with a similar situation, to make the appropriate application for authorization in accordance with § 327.[13]

---

12. Even if Applicant had received prior court authorization to act as counsel to the former Debtor in possession or the Trustee, that would not guarantee allowance of its claim. The Third Circuit held in *Ferrara v. Alvarez (In re Engel)*, 124 F.3d 567, 571 (3d Cir.1997), that a professional's retention pursuant to § 327 does not establish a right to payment from the estate under § 330.

13. The bankruptcy court in *TS Indus.* made a similar recommendation to attorneys. The court, while allowing post-trustee fees and costs to debtor's counsel, "emphasiz[ed] that in the future it would be prudent practice for the debtor's attorney to be authorized as special counsel to the trustee pursuant to § 327(e) if it intends to perform services that are duties of the trustee." *Id.* at 644.

## TRANSITION SERVICES

The remaining issue is whether Applicant is entitled to compensation for legal services to the Debtor in fulfilling its transitional duties required by § 521(3) of the Code and Fed.R.Bankr.P. 1019. This includes time spent meeting with the Trustee to discuss the transfer from the Debtor, as well as time spend preparing for the Debtor's § 341 hearing. The court must determine whether the services were beneficial to the estate and therefore allowable to Applicant in · accordance with § 330 of the Bankruptcy Code. A professional may not be awarded fees unless and until the applicant shows that there is a benefit to the estate. 11 U.S.C. § 330(a)(4)(A)(ii).

"A bankruptcy court, even though it has approved employment under § 327, must once again review any application for compensation." *Engel,* 124 F.3d at 571. "This two-step process—i.e., appointment under § 327 and then compensation under § 330, if and only if, 'benefit-to-the-estate' is found—was adopted by Congress to eliminate 'abuses and detrimental practices' attributable to 'attorney control of bankruptcy cases.'" *Id.* at 572 (citing *Arkansas,* 798 F.2d at 649).

In an unpublished opinion, District Judge Bissell recently concluded "that the appointment of a [chapter 11] trustee does not completely obviate the need for a debtor's attorney, given the trustee's exclusive, statutorily-defined duties, the Court agrees with the *Xebec* court that a debtor's attorney should have to prove some actual, distinct benefit before fees should be allowed." *In re Top Grade Sausage, Inc.,* No. 99–393(JWB), at 24. See also, *In re Sounds Distrib. Corp.,* 122 B.R. 952, 955 (Bankr.W.D.Pa.1991) (counsel to debtor is. not entitled to compensation from estate assets for services that do not directly benefit the estate); *Friedman v. Melp, Ltd. (In re Melp, Ltd.),* 179 B.R. 636, 640 (E.D.Mo.1995) (debtor's attorney may recover fees after appointment of an operating trustee, but only if services provided a benefit to the estate). But if no benefit was conferred on the estate, no allowance will be granted. A "bankruptcy judge d[oes] not have the authority to disregard the 'benefit-to-the-estate' requirement of § 330." *Engel,* 124 F.3d at 576. Services no matter how "well intentioned, are not compensable from the estate if they deliver no corresponding benefit in the form of value to the estate or in reduction of administrative expenses by obviating the need for Trustee services." *Pine Valley Mach.,* 172 B.R. at 488.

One court has adopted a per-se rule prohibiting allowance to debtor's counsel for legal services rendered to the debtor after the appointment of a chapter 11 trustee. *NRG Resources,* 64 B.R. at 647–48 (debtor's attorney is prohibited from receiving compensation after chapter 11 trustee has been appointed because debtor's attorney can serve no beneficial purpose for the estate, unless properly employed by the trustee). The court in *NRG Resources* concluded there was no need for the debtor to have representation after the appointment of a trustee and that no benefit was accorded to the estate by the continued representation. Other courts, however, have softened the *NRG Resources* holding and exercised a benefit analysis. approach as developed by the bankruptcy court in *In re Ginji Corp.,* 117 B.R. 983 (Bankr.D.Nev.1990).

The bankruptcy court in *Pfeiffer v. Couch (In re Xebec),* 147 B.R. 518 (9th Cir. BAP 1992), delineated four considerations for use when applying the benefit analysis approach from *Ginji.* These factors include: (1) whether the services were rendered in the nature of transition, (2) whether they resulted in an actual benefit to the estate, (3) whether they were duplicative of services rendered by the trustee, and (4) whether they were rendered in good faith or obstructed or impeded administration of the estate. *Id.* at 523.

Upon conversion to chapter 7, a debtor must cooperate with the newly ap-

pointed trustee to inform him or her of the current status of the debtor's case. The debtor must provide the reports or accountings to comply with § 521 of the Bankruptcy Code and FED.R.BANKR.P. 1019. A representative of the corporate debtor must testify at the hearing required by § 341(a) of the Bankruptcy Code. All of these activities are beneficial to the estate. A corporate debtor is entitled to legal representation in these activities and compensation from the estate should be allowed. Applicant provided legal representation to the Debtor which assisted the Debtor in performing its duties upon conversion of the case from chapter 11 to chapter 7. Applicant's good faith has not been questioned. Compensation will be allowed for legal services provided in transition.

## CONCLUSION

After careful review of Applicant's fee application, the court concludes that the majority of the legal services provided by Applicant after the appointment of the Trustee exceed those services required for the smooth transition of the bankruptcy case from chapter 11 to chapter 7. Time which related to the sale of the liquor license by the Debtor and operation of the business by the Trustee, shall not be allowed because Applicant was not authorized to represent the Trustee pursuant to § 327(e). Legal services to the Debtor after the conversion to assist the Debtor with the requirements of § 521(3) of the Bankruptcy Code and FED.R.BANKR.P. 1019 will be allowed. Applicant is allowed legal fees in the amount of $2,032.50 and $10.80 in expenses.