**In re Daniel H. & Paula R. THOMAS, Debtors.**

**Bankruptcy No. 94–11508 B.**

United States Bankruptcy Court, W.D. New York.

April 29, 1996.

H. James Abdella, Abdella & Abdella, Jamestown, New York, Pro Se.

Thomas A. Dorey, Jamestown, New York, for Trustee.

Christopher Reed, Buffalo, New York, Assistant U.S. Trustee.

CARL L. BUCKI, Bankruptcy Judge.

The office of the United States Trustee has objected to the administrative claim of H. James Abdella for legal fees arising from services rendered on behalf of the Chapter 7 debtors. Because the debtors filed their petition prior to October 22, 1994, the outcome is determined by well-defined standards that

apply to cases filed before the effective date of the Bankruptcy Reform Act of 1994. Contrasting dramatically with those amendments, the result in the instant case should serve to alert practitioners to the future vulnerability of expectations for recovery of fees from a Chapter 7 estate.

Section 503(b) of the Bankruptcy Code accords administrative priority to claims for "compensation and reimbursement awarded under section 330(a)" of Title 11. With respect to cases filed prior to October 22, 1994, the applicable version of 11 U.S.C. § 330(a) authorizes this Court to "award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, *or to the debtor's attorney*—(1) reasonable compensation for actual, necessary services rendered ..." (emphasis added). Accordingly, an attorney for the debtor may receive administrative priority for those services which are necessary for the administration of the estate. *See In re Dawson,* 180 B.R. 478 (Bkrtcy.E.D.Tex.1994). Examples would include the rendering of advice relative to filing for bankruptcy protection, the preparation of the petition and schedules, and attendance at the meeting of creditors pursuant to 11 U.S.C. § 341. Of course, not all services are of this character. When they inure exclusively to the benefit of the debtors' postpetition affairs, legal services are not necessary to estate administration, and will therefore provide no basis for administrative priority.

Altogether, Mr. Abdella seeks an allowance of $3,016.69. Much of his time does relate to the bankruptcy filing and to fulfillment of the duties of a Chapter 7 debtor. As to these services, administrative priority will attach. The claim, however, includes a request for payment for time devoted to the defense of a stay relief application. In this regard, counsel expended 11.45 hours of time having a value of $1,259.50, and advanced disbursements of $51.35. Because Mr. Abdella rendered or incurred these services and disbursements to protect the postpetition rights of the debtors, their value is not properly allowed as a claim in this proceeding. Accordingly, Mr. Abdella's unsecured claim must be reduced to $1,705.84. The prepetition retainer of $1,000 should be credited against this amount.

Had the debtors filed their petition after the effective date of the Bankruptcy Reform Act of 1994, this decision would have been governed by the current version of 11 U.S.C. § 330(a). As applicable to newly filed cases, this section no longer makes allowance for legal services rendered to a Chapter 7 debtor. For cases that are subject to the amended provision, the issue is whether administrative priority can ever attach to any such legal services.

By reason of the foregoing, claim 11 as filed by H. James Abdella shall be allowed as an administrative claim in the amount of $705.84. As to the balance of any charges not recovered from the prepetition retainer, Mr. Abdella may seek recovery from Mr. and Mrs. Thomas, but not from the estate.

So ordered.