**In re David G. BURCH, Debtor.**

**No. 00–22834.**

United States Bankruptcy Court, W.D. New York.

April 9, 2003.

Richard A. Kaul, Rochester, NY, for Debtor.

Peter Scribner, Rochester, NY, trustee.

## DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### *BACKGROUND*

On September 28, 2000, David G. Burch (the "Debtor") filed a petition initiating a Chapter 7 case.

On October 24, 2000, notice of a Section 341 Meeting was mailed to all creditors, notifying them that Peter Scribner had been appointed as the Chapter 7 trustee (the "Trustee").

On November 29, 2000, the Trustee indicated to the Court that the Debtor's Chapter 7 case had become an asset case. On December 13, 2000, after the Office of the United States Trustee (the "UST") indicated that it had no objection, an order was entered employing Peter Scribner as the attorney for the trustee, and on July 12, 2001, an order was entered authorizing the employment of John T. Reynolds as an appraiser for the estate.

On or about August 30, 2002, after no objections were filed in response to the Trustee's Notice of Intent to Sell, he sold the estate's interest in various assets to the Debtor and his non-filing spouse.

On October 15, 2002, on behalf of the two law firms that he had been employed with while representing the Debtor, the Debtor's individual attorney (the "Attorney for the Debtor") filed an application (the "Application for Compensation") for an allowance of compensation for legal services rendered and disbursements incurred for the period from July 18, 2000 through October 11, 2002. The Application: (1) requested payment of $10,171.50 for services rendered and $75.00 for disbursements incurred pursuant to Section 330;[1]

(2) asserted that, "During the Compensation Period, Adair assisted the Debtor in all aspects of his bankruptcy proceeding[;]" (3) also asserted that, "This is an asset case which has involved numerous appearances, resolution of issues with the trustee, defense and resolution of an adversary proceeding, negotiation with these parties and with members of the debtor's family, and other administrative matters on behalf of the Debtor[;]" (4) further asserted that, "All of the services for which compensation is requested by Adair were performed for or on behalf of the Debtor, and not on behalf of any creditor, examiner, trustee or any other entity[,]" and "As this Application demonstrates, the services Adair has rendered on behalf of the Debtor have been beneficial to the Debtor in that the services have been utilized to assist the Debtor in cooperating with the trustee, resolving issues with creditors, and generally moving the case toward a final distribution to creditors and the ultimate closing of the case[;]" and (5) requested that $3,950.00 of the amounts requested, after application of a pre-petition retainer, be paid from the Debtor's estate, because it benefitted the estate in moving the case toward a final distribution to creditors and closing.

On October 20, 2002, a Notice (the "Compensation Notice") was sent to interested parties, including the UST and the Trustee, advising them that they had until

---

1. Section 330 provides, in part, that:

    (a) (1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

    (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

    (B) reimbursement for actual, necessary expenses.

    (4) (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330 (2002).

November 12, 2002 to file objections in connection with the Application for Compensation.

On November 27, 2002, after no objections to the Application for Compensation were received by the Court, an order was entered allowing the compensation requested and directing that $3,950.00 be paid as an administrative expense (the "Compensation Order").

On December 2, 2002, the UST filed an objection to the Application for Compensation (the "UST Objection"), which asserted that: (1) with respect to the $3,950.00 requested to be paid as an administrative expense: (a) there was no statutory authority for the payment of compensation to an individual Chapter 7 debtor's attorney from funds of the estate; and (b) the Application for Compensation was made pursuant to Section 330, which requires that a professional have been employed by a trustee with Court approval under Section 327(a);[2] and (2) any and all allowed compensation for the Attorney for the Debtor should be determined to be the sole responsibility of the Debtor.

On December 4, 2002, the Trustee filed an objection to the Application for Compensation (the "Trustee Objection"), which indicated that he did not object to the compensation being requested, but asserted that the Bankruptcy Code did not allow the fees and disbursements of an individual Chapter 7 debtor's attorney to be paid from the Chapter 7 estate as an administrative expense.

On December 17, 2002, the Trustee filed a motion (the "Reconsideration Motion"), pursuant to Rule 9004, which requested relief from the Compensation Order on the grounds that: (1) it was a mistake of law to allow the Attorney for the Debtor to be paid from the estate as an administrative expense for services rendered to the individual Chapter 7 Debtor; and (2) the services performed were not meant to nor were they reasonably likely to benefit the estate at the time they were performed, because they were at all times being performed in the interests of the Debtor and not the Chapter 7 estate.

On December 31, 2002, the Attorney for the Debtor filed a Response to the Reconsideration Motion, which asserted that: (1) the Court had not made a mistake, within the meaning and intent of Rule 9024, when it entered the Compensation Order at a time when neither the UST nor the Trustee had filed timely objections to the Application for Compensation; (2) the existing split of authority among the federal courts should be resolved in favor of those decisions that have held that attorneys for individual Chapter 7 debtors were inadvertently omitted from the list of professionals entitled to receive reasonable compensation from the estate under Section 330(a)(4)(B); and (3) Local Rule 2016–2 ("Rule 2016–2"). Labeled "Applications for Fees by the Attorney for the Debtor in Chapter 7 Cases," provides time-frames within which applications for allowances from the estate under Section 330 must be filed, indicating that it continues to be the position of the Bankruptcy Court for the Western District of New York that attorneys for an individual Chapter 7 debtor

---

**2.** Section 327(a) provides that:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327 (2002).

can be paid from funds of the estate.[3]

### DISCUSSION

#### I. Section 330(a)(4)(B) and Local Rule 2016–2

In *In re Ames Department Stores, Inc.,* 76 F.3d 66 (2d Cir.1996) ("*Ames*"), the United States Court of Appeals for the Second Circuit (the "Second Circuit") stated in its decision that:

> Although debtors' attorneys were not specifically included in the coverage of the amended section 330, *Collier* asserts that this omission was inadvertent. *See* 2 *Collier* ¶ 330.01 at 330–8–9; ¶ 330.04 at 330–41–43.

> We are inclined to agree. However, the merit of Skadden's fee application should not hinge on the accuracy of *Collier's* assertion. Where the benefits of services to the estate are the same, it makes no sense to treat performances of such benefits by debtor's attorneys differently than performances by other retained professionals.

As clear as this statement is, it was made in a case where the fee application the Court was passing upon was made by what appears to have been the attorneys

for a Chapter 11 debtor-in-possession appointed under Section 1103. Therefore, Section 330 was applicable, and this statement was seemingly unnecessary to the Court's decision and not binding precedent. In fact, subsequent to the decision in *Ames*, my colleague, the Hon. Carl L. Bucki, in *In re Thomas*, 195 B.R. 18 (Bankr.W.D.N.Y.1996) ("*Thomas*"), held that compensation to an individual Chapter 7 debtor's attorney could not be allowed from the estate as the result of the Bankruptcy Reform Act of 1994 (the "Reform Act"), which eliminated any reference to a debtor's attorney in Section 330(a)(1).

With regard to Rule 2016(b), it was enacted as a Local Rule prior to the enactment of the Reform Act. When the Local Rules were revised in 1997, no one specifically addressed Rule 2016–2 in light of the changes made by the Reform Act or Judge Bucki's decision in *Thomas*.

#### II. The Trustee and Legal Services in a Chapter 7 Bankruptcy Estate

Notwithstanding the debate about Section 330(a)(1) and the split among the circuit courts as to whether the inclusion of the debtor's attorney should be read back into the statute, it is clear that there will

---

**3.** 2016–2. APPLICATION FOR FEES BY THE ATTORNEY FOR THE DEBTOR IN CHAPTER 7 CASES *[Former Rule 39]* [SO 6/12/84; SO 7/30/90]

 A. The expeditious administration of chapter 7 estates is hindered by the delays by debtors' attorneys in the filing of applications for allowances from the estate under 11 U.S.C. Sec. 330. Therefore, the failure to file any fee allowance application by such an attorney before fifteen (15) days after the mailing of the Rule 2002(f)(9) Fed. R.Bankr.P. notice of the trustee's final report in any case shall be deemed a waiver of the allowance.

 B. All actual compensation and disbursements whether charged by attorneys to the debtor, debtor's estate or any entity paying on behalf of the debtor or debtor's estate prior to or during the pendency of a case must be fully disclosed in a supplemental statement filed in accordance with Rule 2016(b) Fed. R.Bankr.P. [A disclosed fee which is to be charged in the event of a contingent future service, and which is charged, shall be disclosed in a supplemental statement.]

 C. Supplemental statements by attorneys as to compensation sought from the estate shall be supported by time sheets and detail as to any disbursements charged and shall be accompanied by a motion [notice thereof to be given by the requesting party to parties in interest in accordance with Rule 2002(a)(7) Fed.R.Bankr.P.].

be times when a Chapter 7 trustee, who acts as the chief executive officer, chief operating officer and chief financial officer of the Chapter 7 estate, may wish to have legal services performed for the estate that in his view can be best performed by the Chapter 7 debtor's attorney.[4]

In these instances, if the trustee is not the one who solicited the performance of the services, he must decide *before* the services are performed whether they should be performed by the debtor's attorney or by another professional. This is the only way that the trustee can efficiently and effectively perform his duties under Section 704, including his duty to insure that all administrative expenses incurred by the estate for professional services have been reviewed in advance using a cost-benefit analysis.

In this regard, it may be that the legal services the trustee requires to be performed by the Chapter 7 debtor's attorney are sufficiently incidental, that the costs of having that attorney appointed under Section 327 would make them no longer cost effective.

■ Therefore, before the Court in the Rochester Division of the Western District of New York will consider an application for the allowance of compensa-

tion from the estate to a Chapter 7 debtor's attorney for legal services performed and disbursements incurred: (1) the attorney must have been appointed under Section 327; (2) before performing any legal services which the Chapter 7 debtor's attorney expects to be paid for from the Chapter 7 estate, the attorney must have obtained the pre-consent of the Chapter 7 trustee for the performance of those legal services, and a written confirmation of the consent must be attached, as an exhibit, to the application;[5] or (3) any other application must have attached, as an exhibit, a consent from the Chapter 7 trustee and the UST that the services are compensable and payable from the estate.[6]

### III. *The Application for Compensation*

■ With regard to the Application for Compensation, the Court entered the Compensation Order only because it had not received a timely objection from either the trustee or the UST, and it was incorrectly assumed, from their failure to object by the November 12, 2002 deadline, that they were consenting to the payment of $3,950.00 as an administrative expense.

At least with respect to this Application for Compensation, the Court is not prepared to find that Section 330 permits an allowance of compensation for an attorney

---

4. From experience, such instances most frequently occur when there has been a conversion from a Chapter 11 case to a Chapter 7 case.

5. The consent may be initially approved orally by the trustee, but it must be confirmed by a short letter as soon after the consent and the commencement of the services as possible. This is much like the requirement that a lineman in order to be an eligible receiver must check-in with the referee before the play starts.

6. This would cover the rare circumstance where pre-consent was not obtained, but the trustee and the U.S. Trustee, in reviewing the

case in preparation for a final report, believe that services rendered by a Chapter 7 debtor's attorney should be compensable, in whole or in part, from the estate. This alternative should never be relied upon by a Chapter 7 attorney when performing the services. If there is a desire and intent to be paid from the estate, the attorney should always obtain the pre-consent of the trustee. In each of the above alternatives, it is still for the Court to determine the amount of reasonable compensation so that it is not necessary in alternative (3), above, when obtaining the consent of the trustee and the UST to be attached to the application, that they also agree with the amount of compensation being requested.

for a Chapter 7 debtor to be paid in whole or in part as an administrative expense from the Chapter 7 estate.

Furthermore, with respect to this Application for Compensation, the Trustee and the UST have now advised the Court that they do not believe that the services sufficiently benefitted the estate to warrant the payment of any of the compensation otherwise allowed as an administrative expense.

### CONCLUSION

The Reconsideration Motion is granted. The Compensation Order is vacated to the extent that $3,950.00 was allowed as an administrative expense to be paid from the Chapter 7 estate. That amount and all other amounts allowed in the Compensation Order shall be the responsibility of the Debtor, David G. Burch.

**IT IS SO ORDERED.**