**In re COMMONWEALTH SPRINKLER CO., INC., Debtor.**

No. 00–34056.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

May 29, 2003.

Loc Pfeiffer, counsel for trustee.

Robert A. Canfield, counsel for debtor.

John F. Ames, former counsel for debtor.

Michael D. Mueller, for Walter Breeden, Richmond, Va.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held February 19, 2003, on John F. Ames's application for compensation for services performed as attorney for this involuntary chapter 7 debtor. The trustee and creditor Walter Breeden filed objections to the application.

For reasons stated below, the application will be disallowed.

### FINDINGS OF FACT.

On July 20, 2000, Breeden filed an involuntary bankruptcy petition against debtor Commonwealth Sprinkler. Breeden alleged that he was a creditor holding a claim against debtor in the amount of $1,508,000.00. Breeden also filed a motion to appoint an interim trustee, which was granted by the court on August 10, 2000. The order appointing interim trustee was entered August 11, 2000.

Debtor, by its counsel John F. Ames, filed an answer to the involuntary petition on August 14, 2000. On August 17, 2000, the court entered an order granting turnover of all assets of the debtor to the trustee. Debtor failed to comply with this order, and the court entered another order on September 19, 2000, requiring the immediate turnover of assets. On October 11, 2000, Ames withdrew as debtor's counsel because it had been asserted by the trustee that he had a conflict of interest. The conflict was based on the fact that Ames had been representing both the debtor and its shareholder, Joseph Beck.

An order for relief in the Commonwealth Sprinkler involuntary chapter 7 case was entered November 6, 2000.

On January 24, 2003, Ames filed an application for compensation as counsel for the debtor in the involuntary chapter 7. The application requests compensation in the amount of $18,657.50 and expense reimbursement of $259.81 incurred by Ames's services from August 2, 2000, through October 11, 2000, when he withdrew. Ames charged an hourly rate of $175.00. His application initially incorporated block-style billing that grouped the full time spent on all activities for the case on a given day. However, on February 14, 2003, Ames filed a response to the trustee's objection to the compensation application that included a breakdown (Exhibit A) of the time he spent on each activity on

each day. *See Response to Tr. Objection for Application for Compensation Filed by John F. Ames, Exhibit A,* pp. 1–2. The application, as amended, sufficiently describes Ames's time charges.

### *POSITION OF PARTIES.*

Ames's application is opposed by the trustee and by Breeden. The trustee argues that the block-style billing submitted by Ames is inappropriate.[1] Trustee also argues that Ames had a conflict of interest with the debtor because he represented the debtor corporation in bankruptcy as well as the debtor's shareholder Beck in a separate bankruptcy. Finally the trustee argues that Ames cannot be compensated from the estate as this is a chapter 7 case, and he further contends that Ames's efforts brought no benefit to the estate.

Breeden argues against the application stating that Ames's motion relies on § 303(f) which allows debtor to pay only ordinary course expenses during the gap period.[2] Further § 502(f) allows for such payments to be made to debtor's counsel only until the appointment of a trustee.[3] Breeden also argues against any fees that might be permitted to be repaid as an administrative expense, instead suggesting they be treated as unsecured.

Ames seeks payment of his fee as an administrative expense and asserts that

---

1. The "block" style billing includes multiple activities without differentiation as to how much time each activity took.

2. Notwithstanding section 363 of this title, except to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced.
11 U.S.C. § 303(f).

3. In an involuntary case, a claim arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee and the order for relief shall be determined as of the date such claim arises, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.
11 U.S.C. § 502(f).

his services benefitted the estate. With regard to the conflict of interest, he has stated that when he became aware of his potential conflict he arranged substitute counsel for debtor. He remained in the case until October 11, 2000, because he had a duty to represent his client until new counsel was retained.

### CONCLUSIONS OF LAW.

■ The court must conclude that Ames's compensation application cannot be approved. Recent Fourth Circuit precedent interprets Bankruptcy Code § 330(a) to hold that a chapter 7 debtor's counsel may not be compensated from the estate. *See United States Tr. v. Equip. Servs., Inc. (In re Equip. Servs., Inc.)*, 290 F.3d 739, 745 (4th Cir.2002), *cert. granted. sub nom. Lamie v. United States Tr.,* — U.S. ——, 123 S.Ct. 1480, 155 L.Ed.2d 223 (2003) (holding that the plain language of § 330(a) does not allow payment of compensation from the estate to a chapter 7 debtor's counsel).[4] This interpretation of § 330(a) is based on its legislative history. While the 1986 version of the statute included the debtor's attorney in the list of parties who could be compensated from the chapter 7 estate, subsequent versions do not. *See In re Equip. Servs., Inc.,* at 743–45. There is a split of authority on this interpretation among the circuits that will ultimately be resolved by the United States Supreme Court.

Ames has asserted that he should be compensated because his efforts created a benefit to the bankruptcy estate, an assertion disputed by the trustee.[5] Generally, a chapter 7 debtor's counsel may not be compensated from the estate for services that benefit the estate unless the attorney has been appointed to represent the trustee under § 327(e).[6] At the very least, the attorney's fee request must be approved by the case trustee and the U.S. Trustee. *See In re Burch,* 292 B.R. 490, 495 (Bankr. W.D.N.Y.2003). Thus, Ames has not met the criteria for compensation for services benefitting the estate.

■ Finally, the court has considered whether the portion of Ames's charges during the gap period until the appointment of the trustee might be allowed under § 502(f), which allows an involuntary chapter 7 debtor a claim for ordinary course of business expenses during this period.[7] However, because Ames's charges during the period from the filing

---

4. After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, or a professional person employed under section 327 or 1103–(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person . . .

11 U.S.C. § 330(a)(1)(A).

5. The trustee argues to the contrary that Ames's dual representation of the debtor and its shareholder Beck was harmful to the estate. It appears from information in case file documents submitted by the trustee that Ames had a conflict of interest early in the case and that he worked at cross purposes that were not helpful to the administration of the debtor's case. A conflict of interest could preclude any fee due to Ames in debtor's case. *See* § 328(c). However, because the fee must in any event be denied the court finds it unnecessary to consider the conflicts issue.

6. The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

7. *See infra* note 3.

of the involuntary petition until the appointment of the trustee were related to defending against the involuntary petition and the trustee's motion, the court finds that the charges were not in the ordinary course of debtor's business. *See In re Hanson Indus., Inc.*, 90 B.R. 405, 414 (Bankr.D.Minn.1988).

For these reasons Ames's application for compensation must be disallowed.

A separate order will be entered.